579 S.E.2d 524

**COLLINS MUSIC CO., INC., Respondent,**

v.

**IGT a/k/a IGT–NORTH AMERICA, Appellant.**

**No. 2002–OR–405.**

Court of Appeals of South Carolina.

Sept. 4, 2002.

Ronald E. Boston, of Columbia, and R. Wayne Byrd, of Florence, for appellant.

George M. Hearn, Jr., of Conway; James B. Van Osdell and Cynthia Graham Howe, both of Myrtle Beach; James R. Gilreath, of Greenville; and Scott M. Mongillo, of Mt. Pleasant for respondent.

PER CURIAM.

Collins Music Company ("Collins Music") brought suit against IGT a/k/a/ IGT–North America ("IGT") in the circuit court. A jury awarded a fifteen million dollar judgment to Collins Music. IGT appeals the trial court's denial of its motions for judgment notwithstanding the verdict ("JNOV"), new trial, and new trial *nisi remittitur*. We dismiss the appeal as untimely.

## FACTS/PROCEDURAL BACKGROUND

Collins Music filed suit against IGT asserting numerous causes of action arising out of a contract dispute. The parties had previously entered into a video machine distributorship agreement. A jury found in favor of Collins Music and awarded it a judgment of fifteen million dollars in actual damages.

On August 13, 2001, IGT timely filed and served post-trial motions pursuant to Rules 50(b) and 59, SCRCP. Specifically, IGT moved for JNOV, new trial, and alternatively, new trial *nisi remittitur*. IGT delineated twenty-eight grounds as support for its request for relief. The circuit court judge issued a written order denying all of IGT's post-trial motions, "[a]fter carefully reviewing the matter." IGT was served with a copy of this order on September 5, 2001.

Seven days later, on September 12, 2001, IGT served a Rule 59(e) motion to alter or amend the judgment. In the motion, IGT merely restated the arguments it made in the material filed with its first post-trial motions and requested the circuit judge to "make specific rulings, and the basis therefore [sic], as to each ground raised" in the earlier motions. On October 29, 2001, the circuit judge issued a written order denying the Rule 59(e) motion and specifically stating IGT failed to raise any issue not already considered. IGT received written notice of entry of the order on November 5, 2001. IGT served its notice of appeal on November 21, 2001.

## *ISSUE*

Did IGT's second motion toll the time for serving an appeal?

## *LAW/ANALYSIS*

Rule 203(b)(1), SCACR provides that a notice of appeal from a judgment of the Court of Common Pleas

> shall be served on all respondents within thirty (30) days after receipt of written notice of entry of the order or judgment. When a timely motion for judgment n.o.v. (Rule 50, SCRCP), motion to alter or amend the judgment (Rules 52 and 59, SCRCP), or a motion for a new trial (Rule 59, SCRCP) has been made, the time for appeal for all parties shall be stayed and shall run from receipt of written notice of entry of the order granting or denying such motion.

IGT moved for relief under Rules 50(b) and 59 within ten days of the verdict, which the circuit judge denied. Following the circuit judge's denial, IGT filed and served a Rule 59(e) motion to alter or amend the judgment. The circuit judge denied this motion.

Collins Music argues this Court lacks subject matter jurisdiction because IGT's notice of appeal was not timely served. Collins Music contends IGT's Rule 59(e) motion did not toll the time for appeal because the Rule 59(e) motion was nothing but a restatement of the arguments IGT made in its initial post-trial motions.

## A. *Coward Hund Construction Company v. Ball Corporation*

In *Coward Hund Construction Company v. Ball Corporation*, 336 S.C. 1, 518 S.E.2d 56 (Ct.App.1999), this Court addressed successive Rule 59(e) motions and the tolling of the time for appeal.

Coward Hund sued Ball and Carolina Glass, alleging claims for negligence, breach of express and implied warranties, and breach of contract. Coward Hund additionally sought indemnification arising from allegedly defective building repairs. The defendants moved for summary judgment.

The court granted summary judgment to both defendants on all of Coward Hund's claims. Coward Hund filed a motion for reconsideration, which was denied.

Thereafter, Coward Hund filed a second motion for reconsideration "seek[ing] clarification of the issue raised before the trial court on two occasions regarding Plaintiff's indemnity claim against Defendants." *Id.* at 2, 518 S.E.2d at 57. In response, the circuit court issued a supplemental order stating: "[T]he court granted summary judgment to Defendants Carolina Glass and Ball Corp. without the court referencing any prejudice regarding Coward Hund's indemnity claims, if any." *Id.* Coward Hund served its notice of appeal within thirty days of receiving written notice of the order denying the second motion for reconsideration but more than thirty days after receiving written notice of the order denying the first motion for reconsideration.

This Court concluded:

> "The purpose of Rule 59(e), SCRCP, to alter or amend the judgment[,] is to request the trial judge to 'reconsider matters properly encompassed in a decision on the merits.'" *Arnold v. State*, 309 S.C. 157, 172, 420 S.E.2d 834, 842 (1992)(quoting *Budinich v. Becton Dickinson and Co.*, 486 U.S. 196, 200, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988)). As one authority has noted, "Once the issue has been properly raised by a Rule 59(e) motion, it appears that it is preserved and a second motion is not required if the trial court does

not specifically rule on the issue so raised." James F. Flanagan, *South Carolina Civil Procedure* 475 (2d ed.1996). *Id.* at 4, 518 S.E.2d at 58.

The *Coward Hund* decision emphasized that a successive Rule 59(e), SCRCP motion, following the denial of a similar motion, did not toll the time for appeal, where the court's ruling on the first such motion did not change or alter its ruling at trial. This Court held: "[A] second motion for reconsideration is appropriate only if it challenges something that was altered from the original judgment as a result of the initial motion for reconsideration." *Id.* at 3, 518 S.E.2d at 58.

### B. *Quality Trailer Products v. CSL Equipment Company*

Our supreme court recently addressed the issue of whether a successive motion captioned as a Rule 59(e) motion to alter or amend tolls the time for appeal in *Quality Trailer Products, Inc. v. CSL Equipment Company*, 349 S.C. 216, 562 S.E.2d 615 (2002).

Quality Trailer Products ("Quality Trailer") brought suit against CSL Equipment Company ("CSL") and I Corp. Quality Trailer sought recovery against I Corp. for breach of the former Bulk Transfers Act, promissory estoppel, and successor liability. The circuit court granted I Corp.'s motion for directed verdict on Quality Trailer's statutory claim and submitted the remaining theories to the jury. The jury awarded judgment to Quality Trailer.

I Corp. made a timely motion for JNOV and new trial. By written order filed December 21, 1999, this motion was denied. I Corp. filed a subsequent post-trial motion captioned as a motion to "Alter, Amend or Reconsider Judgment and Findings Denying Defendant's Motion for Judgment Notwithstanding the Verdict and Motion for New Trial." *Id.* at 218, 562 S.E.2d at 616. The caption of this motion indicated it was made pursuant to Rules 52, 59, and 60. In actuality, this motion was almost a duplicate of the first motion for relief. The only alterations I Corp. made to the subsequent motion were to caption the motion differently and to change the relief sought to coincide with the second motion's caption. The circuit court recognized this successive motion was virtually identical to the first post-trial motion and denied the second

motion by order dated February 16, 2000. I Corp. appealed on March 17, 2000, almost three months after the circuit judge's denial of I Corp.'s first post-trial motion for relief.

In analyzing the timeliness of appeal, the court held:

> We agree with the rationale of *Coward Hund* and hold that **successive** new trial motions or motions for JNOV do not toll the time for serving notice of appeal. **The time for filing appeal is not extended by submitting the same motion under a different caption.** *See Mickle v. Black-mon,* 255 S.C. 136, 140, 177 S.E.2d 548, 549 (1970) (treating motion based on its "substance and effect" rather than how it is captioned by movant). *See also Sears v. Sears,* 85 Ill.2d 253, 52 Ill.Dec. 608, 422 N.E.2d 610 (1981) (a successive motion that was little more than a slightly lengthened redraft of the first motion was improper and did not extend the time for filing appeal); *Boughton v. McAllister,* 576 N.W.2d 94 (Iowa 1998) (a party should not be allowed to extend the time for appeal indefinitely by filing successive motions that address the same issue).

*Id.* at 220–21, 562 S.E.2d at 617–18 (second emphasis added) (footnote omitted).

I Corp. argued on appeal that the second post-trial motion was required to preserve issues presented but not ruled upon in the trial court's order denying the motions for JNOV and new trial. Our supreme court disagreed stating:

> The second motion did not . . . identify a single issue raised but not ruled upon—it merely recites, verbatim, the arguments made in the earlier motions. **The trial court's denial of the JNOV and new trial motions was a ruling on all issues raised, and preserved for appellate review all issues raised therein.**

*Id.* at 221, 562 S.E.2d at 618 (emphasis added).

### C. *Applicability of Coward Hund and Quality Trailer*

*Coward Hund* and *Quality Trailer* clearly stand for the proposition that although a successive post-trial motion for relief is permissible, the subsequent motion must seek relief on issues coming to light as a result of an order following an initial post-trial motion that alters or amends the judgment. The successive motion cannot be a motion to alter or amend that merely recites arguments in a previous Rule 59(e) motion, as was the case in *Coward Hund,* or the recaptioning of a

previous Rule 50 or Rule 52 motion as a Rule 59(e) motion, as was done in *Quality Trailer.*

Here, IGT requested JNOV, a new trial, and alternatively, a new trial *nisi remittitur* in its first post-trial motions. IGT premised its motions upon twenty-eight separate grounds. The circuit court denied these motions. The court made no alterations or amendments to the judgment. At that point, all issues regarding JNOV, new trial, and new trial *nisi remittitur* were resolved by the circuit judge and were ripe for appellate review. The time for IGT to serve its notice of appeal began to run following its receipt of written notice of the judge's denial order. Nevertheless IGT filed a subsequent Rule 59(e) motion, seeking an order altering or amending the post-trial order to more specifically address each of the twenty-eight separate grounds.

The circuit judge, however, was not required to provide a detailed analysis respecting each of the twenty-eight grounds offered in support of JNOV, new trial, and new trial *nisi remittitur.* The requirement imposed upon the court by Rule 52(a), SCRCP to "find the facts specially and state separately its conclusions of law" is limited to cases tried without a jury or with an advisory jury and is inapplicable here. *See, e.g.,* Rule 52(a), SCRCP ("In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law.... Findings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56 or any other motion except as provided in Rule 41(b)."); *see also Folkens v. Hunt,* 300 S.C. 251, 254, 387 S.E.2d 265, 267 (1990) ("We have ... refused to require trial judges to explain reasons for ruling on [the request for a new trial as the thirteenth juror]."); *Bailey v. Segars,* 346 S.C. 359, 550 S.E.2d 910 (Ct.App.2001) (stating a form order denying a motion for JNOV and new trial coupled with the transcript of the proceedings was sufficient to allow appellate review and a Rule 59(e) motion was not required to preserve issues for appeal), *cert. granted on other grounds* (Jan. 10, 2002); *Armstrong v. Union Carbide,* 308 S.C. 235, 417 S.E.2d 597 (Ct.App.1992) (stating that while order of the circuit court did not separately list and specifically address each of the twenty-nine exceptions raised, it was clear from reviewing the order that all grounds raised below were considered).

Additionally, IGT supported its Rule 59(e) motion not with arguments based upon the circuit judge's order, but by repeating verbatim the twenty-eight grounds found in the first motion and referencing analysis found in the first motion's memorandum of law. IGT failed to identify in its Rule 59(e) motion any issue raised but not ruled upon. The circuit judge recognized the Rule 59(e) motion as a request to revisit the grounds and arguments made in the earlier motions, and denied the motion.

IGT's second post-trial motion was not an appropriate Rule 59(e) motion; instead it was simply a successive motion for JNOV and new trial. For the reasons set forth in *Coward Hund* and *Quality Trailer*, the second post-trial motion did not toll the time for serving the notice of appeal.

## CONCLUSION

The circuit judge denied IGT's motions for JNOV, new trial and new trial *nisi remittitur* in his first post-trial order. Accordingly, the underlying issues giving rise to these motions were preserved and ripe for appellate review.

We rule IGT's Rule 59(e) motion was nothing but a recapitulation of the arguments raised and previously ruled upon by the circuit court and did not toll the time for serving the notice of appeal. We therefore dismiss the appeal as untimely.

**APPEAL DISMISSED.**

GOOLSBY, CONNOR, ANDERSON, JJ., concur.