594 S.E.2d 177

Delores MATTHEWS, Respondent,

v.

RICHLAND COUNTY SCHOOL DISTRICT ONE, Appellant.

No. 3756.

Court of Appeals of South Carolina.

Submitted Feb. 9, 2004.

Decided March 8, 2004.

W. Michael Duncan, of Columbia, for Appellant.

J. Lewis Cromer, of Columbia, for Respondent.

HEARN, C.J.:

Richland County School District One appeals the trial court's award of attorney's fees to Delores Matthews following a jury verdict on her claim under the Payment of Wages Act. We dismiss the appeal as being untimely.

## FACTS

On August 31, 2002, Matthews commenced this action by filing a complaint alleging a cause of action under the South Carolina Payment of Wages Act.[1] Matthews worked as a bookkeeper for School District when the events underlying the current litigation occurred.

Matthews averred she performed work for School District during the summer months of 1999, for which she received no compensation. Specifically, Matthews sought remuneration of standard pay for 157.5 hours, overtime pay for 217.5 hours, and travel expenses of $1,053. The total amount sought in the complaint amounted to approximately $8,000.

Following a jury trial on December 19, 2001, a verdict was returned for Matthews in the amount of $10,000 actual damages. After the jury was dismissed, School District made a motion for judgment notwithstanding the verdict ("JNOV") on the ground there was no evidence in the record to support the amount awarded. School District also made a motion for remittitur, specifically asking the court to reduce the amount awarded to an amount supported by the evidence.

The trial court denied both of School District's motions and upheld the verdict of $10,000. School District received a written copy of the entry of judgment on January 14, 2002, and moved pursuant to Rule 59(e), SCRCP, to alter or amend the judgment on January 25, 2002. This motion restated the argument made in School District's JNOV motion that there was no evidence to support the award of $10,000. Matthews submitted a response to School District's motion on January 31, 2002, in which she asked the court to let the verdict stand, or, in the alternative, order a new trial *nisi* and allow her to

---

1. S.C.Code Ann. §§ 41–10–10—110 (Supp.2002).

recover attorney's fees. Included with this response, Matthews filed three affidavits, each attesting to the fact that $8,000 in attorney's fees was reasonable and appropriate.

At the hearing held on March 7, 2002, the trial court began by questioning his authority to reconsider his denial of the post-trial motion. Counsel for both parties assured the court it had jurisdiction, and the trial court ultimately granted School District's motion. In its order dated March 19, 2002, the trial court found the evidence supported a verdict in the amount of $7,100. However, the trial court also awarded Matthews attorney's fees in the amount of $4,900. Thus, the total awarded to Matthews following the hearing was $12,000, rather than the original $10,000 awarded by the jury. School District filed its notice of appeal on April 19, 2002.

School District's argument on appeal is that the trial court erred in making a mandatory award of attorney's fees in its March 19th order when School District disputed Matthews' claims for wages and expenses in good faith.

## LAW/ANALYSIS

We conclude the trial court lacked jurisdiction to entertain School District's identical, successive post-trial motion and, as a result, the appeal to this court is untimely, thereby depriving us of jurisdiction.[2]

Rule 203(b)(1), SCACR, provides that the notice of appeal from a civil action shall be served on respondents within thirty days after receipt of written notice of entry of the order or judgment. Although timely motions for JNOV, to alter or amend the judgment, or for a new trial stay the time for appeal until such time as written notice of entry of the order granting or denying the motions is received, they do not extend the time for appeal when, as in the current situation, the subsequent motions are merely restatements of previous motions.

---

**2.** Although neither party raised this argument on appeal, this court is obligated to evaluate subject matter jurisdiction on its own motion. *Ness v. Eckerd Corp.,* 350 S.C. 399, 402, 566 S.E.2d 193, 195 (Ct.App. 2002).

Recently, in *Collins Music Co. v. IGT*, 353 S.C. 559, 579 S.E.2d 524 (Ct.App.2002), *cert. denied,* —— U.S. ——, 124 S.Ct. 303, 157 L.Ed.2d 143 (2003), this court considered this very issue. In *Collins,* after a jury verdict was awarded against it, IGT made timely motions for JNOV, new trial, and new trial *nisi remittitur. Id.* at 560, 579 S.E.2d at 524. All of these motions were denied by the trial judge and IGT was served with a copy of the order on September 5, 2001. *Id.*

IGT served a motion to alter or amend pursuant to Rule 59(e), SCRCP, on September 12, 2001, which merely restated the arguments made in the post-trial motions. *Id.* at 561, 579 S.E.2d at 524. IGT received written notice of the entry of the order denying its motion to alter or amend on November 5, 2001, and thereafter served its notice of appeal on November 21, 2001. *Id.*

Relying on *Coward Hund Constr. Co. v. Ball Corp.,* 336 S.C. 1, 518 S.E.2d 56 (Ct.App.1999) (holding that successive post-trial motions do not toll the time for appeal) and *Quality Trailer Products, Inc. v. CSL Equip. Co.,* 349 S.C. 216, 562 S.E.2d 615 (2002) (holding that successive new trial or JNOV motions do not toll the time for serving the notice of appeal), we held that because IGT's Rule 59(e) motion did not raise any new issues, but rather repeated the arguments made in its earlier motions, it was not a proper Rule 59(e) motion and thus, did not toll the time for serving the notice of appeal. *Collins,* 353 S.C. at 566, 579 S.E.2d at 527. Therefore, because the issues raised in the subsequent motions were preserved for review after the court's first post-trial order, the time to appeal lapsed while IGT was seeking a ruling on its subsequent Rule 59(e) motion. *Id.*

The facts of the current case are similar to those in *Collins, Coward Hund,* and *Quality Trailer.* School District made a motion for JNOV immediately following the jury's verdict on the grounds that the evidence did not support the amount awarded by the jury. The trial court denied this motion. School District received a written copy of entry of the judgment on January 14, 2002, and moved pursuant to Rule 59(e) to alter or amend the judgment on exactly the same grounds—that the evidence did not support the verdict. The trial court issued an order on March 19, 2002, granting School

District's motion and awarding attorney's fees.  School District filed its notice of appeal on April 19, 2002.

■  We find that School District's time for appeal began to run when it received the written notice of judgment on January 14, 2002.  Because School District's Rule 59(e) motion was nothing but a restatement of the arguments it made in its post-trial motion, the Rule 59(e) motion did not stay the time to file the notice to appeal. While we recognize that the trial court granted School District's second motion, making this case slightly different from prior South Carolina cases on this issue, we conclude the trial court lacked jurisdiction to consider School District's identical post-trial motion.  *Cf. Leviner v. Sonoco Products, Co.*, 339 S.C. 492, 493–494, 530 S.E.2d 127, 127–128 (2000) (finding that a full written order issued by the circuit court after the court had already issued a form order remanding the workers' compensation case was a nullity because neither party had made a timely motion to alter or amend the judgment and the circuit court did not file a timely sua sponte order altering or amending the judgment).  As explained in *Collins,* successive post-trial motions are not appropriate unless the initial post-trial order alters the judgment.  Here, the trial court declined to alter the jury's verdict in any way after School District's initial post-trial motions.  Thus, the trial court's jurisdiction ended and School District's time to appeal the verdict began to run upon receipt of the trial court's order denying School District's post-trial motions.  The alternative of allowing trial courts to consider successive post-trial motions would result in a party's ability to appeal being governed by whether its successive post-trial motion was granted or denied.[3]

---

3.  We agree with the rationale of the Illinois Supreme Court which stated, "Permitting successive post-judgment motions would tend to prolong the life of a lawsuit—at a time when the efficient administration of justice demands a reduction in the number of cases pending in trial courts—and would lend itself to harassment.  There must be finality, a time when the case in the trial court is really over and the loser must appeal or give up.  Successive post-judgment motions interfere with that policy." *B–G Assoc., Inc. v. Giron,* 194 Ill.App.3d 52, 141 Ill.Dec. 34, 550 N.E.2d 1080, 1083 (1990) (*citing Sears v. Sears,* 85 Ill.2d 253, 52 Ill.Dec. 608, 422 N.E.2d 610, 613 (1981)).

## CONCLUSION

Accordingly, because School District's time for appeal began to run on January 14, 2002, and School District did not file its notice of appeal until April 19, 2002, its appeal is untimely. The trial court's order dated March 19, 2002, is vacated for lack of jurisdiction, and the jury's original verdict is reinstated.

**APPEAL DISMISSED.**

ANDERSON and BEATTY, JJ., concur.