THIS OPINION HAS 
 NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN 
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Janet Elgin Arthurs, Personal Representative of the Estate of Betty B. 
 Stephens, Deceased,        Appellant,
 
 
 

v.

 
 
 
Sue H. Brown,       
Respondent.
 
 
 

Appeal From Greenville County
John C. Few, Circuit Court Judge

Unpublished Opinion No. 2004-UP-216
Submitted March 8, 2004  Filed March 
 30, 3004

APPEAL DISMISSED

 
 
 
James Daniel Bailey, of Aiken and Richard Edwin Miley, of 
 N. Augusta, for Appellant.
Phillip E. Reeves and Jennifer D. Eubanks, both of Greenville, 
 for Respondent.
 
 
 

PER CURIAM:  Janet Elgin Arthurs, as the 
 personal representative of the estate of her deceased mother, Betty B. Stephens, 
 appeals from the denial of her post-trial motions for judgment notwithstanding 
 the verdict (JNOV), new trial, and to alter or amend the judgment in these actions 
 for wrongful death and survival against Sue. H. Brown.  We find this court lacks 
 subject matter jurisdiction to review the case because the notice of appeal 
 was untimely.
FACTS
At the center of this case is 
 a fatal car accident that occurred on Thanksgiving Day in 1998.  Stephens was 
 traveling in the northbound lane of Highway 19 in Aiken County.  Brown was traveling 
 on the same road in the southbound lane.  As the two vehicles approached each 
 other, the car driven by Brown crossed the centerline of the two-lane road and 
 collided with Stephenss car.  Stephens died at the scene of the accident.  
 Brown survived. 
Stephenss daughter brought this 
 action against Brown, claiming Browns negligence in the operation of her vehicle 
 was the proximate cause of her mothers death.  At the conclusion of the trial 
 on August 7, 2001, the jury rendered verdicts in favor of Brown.  Arthurs then 
 made oral motions for JNOV and a new trial.  Specifically, she argued there 
 was no evidence to support the jurys conclusions on the issue of negligence 
 and that the trial judge erred in instructing the jury on the law of unavoidable 
 accident as a defense to negligence charges.  The circuit court entered an 
 order denying these motions on November 19, 2001, which was subsequently received 
 by Arthurs on November 27, 2001.  Arthurs then filed a motion, dated November 
 30, 2001, to alter or amend the judgment pursuant to Rule 59(e), SCRCP.  In 
 the motion, Arthurs merely restated the arguments she made orally and in memoranda 
 filed with her first post-trial motions and requested the trial court provide 
 a factual or legal basis for denying the Plaintiffs Motion for Judgment Notwithstanding 
 the Verdict and New Trial.  This motion was denied by the trial court on February 
 7, 2002.  Arthurs served her notice of appeal on March 11, 2002.
LAW/ANALYSIS
As an initial consideration, 
 this court is obligated to evaluate our jurisdiction to hear this matter even 
 though neither party raised it as an issue on appeal.  See Ness v. 
 Eckerd Corp., 350 S.C. 399, 402, 566 S.E.2d 193, 195 (Ct. App. 2002).  We 
 conclude that the appeal to this court is untimely and, as a result, we lack 
 jurisdiction to consider the merits of the case.
According to Rule 203(b)(1), SCACR, the notice of appeal 
 from a civil action shall be served on all respondents within thirty days (30) 
 after receipt of written notice of entry of the order or judgment.  Timely 
 motions for JNOV, to alter or amend the judgment, or for a new trial stay the 
 time for appeal until receipt of written notice of entry of the order granting 
 or denying the motions.  Id.  However, a subsequent motion for JNOV, 
 to alter or amend, or new trial does not expand the time for appeal when, as 
 in the present case, it merely restates the arguments made in previous motions.
This court recently considered successive 
 post-trial motions in Collins Music Co. v. IGT, 353 S.C. 559, 579 S.E.2d 
 524 (Ct. App. 2002), cert. denied, 124 S. Ct. 303 (2003).  In Collins, 
 the jury returned a verdict for Collins, and IGT made timely motions for JNOV, 
 new trial, and new trial nisi remittitur.  Id. at 560, 579 S.E.2d 
 at 524.  The court denied all of IGTs motions and IGT received a copy of the 
 order on September 5, 2001.  Id. 
On September 12, 2001, IGT served a motion 
 to alter or amend pursuant to Rule 59(e), SCRCP, and the motion merely restated 
 the arguments made in the post-trial motions.  Collins at 561, 579 S.E.2d 
 at 524.  IGT received written notice of the entry of the order denying its motion 
 to alter or amend on November 5, 2001, and served its notice of appeal on November 
 21, 2001.  Id.    
This court held that because IGTs Rule 
 59(e) motion did not raise new issues, but rather restated the arguments made 
 in earlier motions, it was not a proper Rule 59(e) motion and thus, did not 
 toll the time to serve notice of appeal.  Collins, 353 S.C. at 566, 579 
 S.E.2d at 527, (citing Coward Hund Constr. Co. v. Ball Corp., 336 S.C. 
 1, 518 S.E.2d 56 (Ct. App. 1999) and Quality Trailer Products, Inc. v. CSL 
 Equip. Co., 349 S.C. 216, 562 S.E.2d 615 (2002)).  Therefore, because the 
 issues raised in IGTs subsequent motions were ripe for appellate review after 
 the courts first post-trial ruling, the time to appeal lapsed while IGT awaited 
 a ruling on its subsequent Rule 59(e) motion.  Id.  
 The facts of the present 
 case warrant the same result.  Arthurs moved for JNOV and new trial immediately 
 following the jurys verdict on the grounds the evidence did not support the 
 jurys conclusion on the issue of negligence and that the trial court should 
 not have instructed the jury on the law regarding the defense of unavoidable 
 accident.  The trial court denied these motions.  Arthurs received a written 
 copy of the trial courts order denying these motions on November 27, 2001, 
 and then moved to alter or amend the judgment under Rule 59(e) on the same groundsthat 
 the evidence did not support the jurys ruling on negligence and that the trial 
 court improperly instructed the jury on unavoidable accident.  The trial court 
 opined that it had again carefully considered all of Plaintiffs arguments 
 and denied the motion. 
The issues raised by 
 Arthurs initial post-trial motions for JNOV and new trial were preserved and 
 ripe for appellate review when they were denied by the trial court in November 
 2001.  Because Arthurs subsequent Rule 59(e) motion merely restated the arguments 
 made in her initial post-trial motions, it did not stay the time to file notice 
 of appeal.  Therefore, because Arthurs did not file her notice of appeal until 
 March 11, 2002, we find the appeal is untimely.
Accordingly, for the 
 reasons stated above, the present appeal is
 DISMISSED.
HEARN, C.J., ANDERSON, 
 and BEATTY, JJ., concur.