602 S.E.2d 772

**Hattie Rose ELAM, Respondent,**

v.

**SOUTH CAROLINA DEPARTMENT OF TRANSPORTATION, Petitioner.**

No. 25869.

Supreme Court of South Carolina.

Heard Nov. 19, 2003.

Decided Sept. 13, 2004.

10

Pete Kulmala, of Harvey & Kulmala, of Barnwell, for Petitioner.

H. Woodrow Gooding, Jr. and Mark B. Tinsley, of Gooding and Gooding, of Allendale, for Respondent.

Justice BURNETT:

We granted the petition for a writ of certiorari to review the Court of Appeals' unpublished order dismissing the appeal of the South Carolina Department of Transportation (SCDOT) as untimely. *Elam v. South Carolina Dep't of Transp.,* S.C. Ct.App. Order dated July 25, 2002. We reverse.

## FACTUAL AND PROCEDURAL HISTORY

Respondent Hattie Rose Elam (Elam) sued Petitioner (SCDOT) under the South Carolina Tort Claims Act[1] for personal injuries and property damage sustained by Elam in a single-car accident which occurred in March 1998. Elam alleged the accident was caused by SCDOT's improper maintenance of a highway, which allowed excessive rain water to accumulate on the highway.

At the conclusion of Elam's case, SCDOT moved for a directed verdict on various grounds. The trial court denied the motion and submitted the case to the jury on January 10, 2001. The jury returned a verdict for Elam for $250,000. Immediately thereafter, SCDOT made oral motions for judgment notwithstanding the verdict (JNOV) and a new trial absolute, or in the alternative, for a new trial nisi remittitur. SCDOT's motions were denied by the trial judge in an oral ruling from the bench, and a one-page Form 4 order was filed with the clerk on January 11, 2001, effecting entry of the jury's verdict.

SCDOT timely filed a written motion pursuant to Rule 59(e), SCRCP. The trial court denied the Rule 59(e) motion in a written order dated April 6, 2001. SCDOT served its notice of appeal on April 27, 2001, and in its appeal contested the trial court's denial of its motions for JNOV and new trial.

The Court of Appeals, *sua sponte,* raised the issue of the timeliness of SCDOT's appeal in light of *Quality Trailer Products v. CSL Equipment Co.,* 349 S.C. 216, 562 S.E.2d 615 (2002), and directed the parties brief the issue. The Court of Appeals subsequently concluded SCDOT's Rule 59(e) motion merely repeated grounds previously raised to and ruled on by the trial judge as a result of SCDOT's oral JNOV/new trial

---

1. S.C.Code Ann. §§ 15–78–10 to –200 (Supp.2003).

motions. Therefore, the Rule 59(e) motion did not stay the running of the thirty-day deadline to appeal and SCDOT's appeal was dismissed as untimely.

## ISSUES

I. Did the Court of Appeals err in finding SCDOT's appeal untimely because its written Rule 59(e) motion, which repeated grounds previously raised to and ruled on by the trial judge as a result of oral JNOV/new trial motions made immediately after the jury's verdict, did not stay the time to appeal?

II. Did the trial court err in denying SCDOT's motion to amend its answer and its post-trial motions?

## DISCUSSION

### I. Timeliness of SCDOT's appeal

We take this opportunity to clarify the limits and rationale of *Quality Trailer, supra,* and two Court of Appeals' opinions, *Coward Hund Const. Co. v. Ball Corp.,* 336 S.C. 1, 518 S.E.2d 56 (Ct.App.1999), and *Collins Music Co. v. IGT,* 353 S.C. 559, 579 S.E.2d 524 (Ct.App.2002). We conclude the Court of Appeals in the present case and in *Matthews v. Richland County School Dist. One,* 357 S.C. 594, 594 S.E.2d 177 (Ct. App.2004) has extended the holdings and rationale of those three cases in a manner which unnecessarily complicates post-trial and appellate practice.

Post-trial motions such as a JNOV or new trial motion "shall be made promptly after the jury is discharged, or in the discretion of the court not later than 10 days thereafter." Rules 50(e) and 59(b), SCRCP. In actions tried without a jury or with an advisory jury, a party may move the court to amend its findings or judgment or for a new trial not later than 10 days after receipt of written notice of entry of judgment. Rule 52(a), SCRCP.

■ The notice of appeal in a case appealed from the Court of Common Pleas must be served on all respondents within thirty days after receipt of written notice of entry of the order or judgment. Rule 203(b)(1), SCACR. The requirement of service of the notice of appeal is jurisdictional, *i.e.,* if a party

misses the deadline, the appellate court lacks jurisdiction to consider the appeal and has no authority or discretion to "rescue" the delinquent party by extending or ignoring the deadline for service of the notice. *Mears v. Mears,* 287 S.C. 168, 337 S.E.2d 206 (1985). A timely post-trial motion, including a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP, stays the time for an appeal for all parties until receipt of written notice of entry of the order granting or denying such motion. *See* Rule 203(b)(1), SCACR; Rules 50(e), 52(c), and 59(f), SCRCP.

The Court of Appeals in 1999 took the first step toward *Quality Trailer* in *Coward Hund,* 336 S.C. 1, 518 S.E.2d 56. In that case, the trial court by written order granted summary judgment to the defendants. Appellant Coward Hund timely served a written "motion for reconsideration" pursuant to Rule 59(e), SCRCP. The trial court heard oral arguments on the Rule 59(e) motion and issued a written order denying the motion. Coward Hund subsequently filed a second, written motion for reconsideration pursuant to Rule 59(e), seeking clarification of the court's ruling on an issue on which the court had ruled. After a telephone conference, the trial court issued a supplemental written order again denying Coward Hund's Rule 59(e) motion. Coward Hund served its notice of appeal within thirty days of receipt of written notice of entry of the order denying its second Rule 59(e) motion. The issue, then, was whether Coward Hund's filing of a second, written Rule 59(e) motion stayed the time for serving a notice of appeal.

Finding no South Carolina case directly on point, the Court of Appeals endorsed the prevailing view espoused by federal courts that a second motion for reconsideration under Rule 59(e) is appropriate only if it challenges something that was altered from the original judgment as a result of the initial motion for reconsideration. The Court of Appeals reasoned nothing in the written order denying Coward Hunds first Rule 59(e) motion altered anything in the written summary judgment order. Thus, the finality of the summary judgment order was restored and the time for serving a notice of appeal began to run upon Coward Hunds receipt of written notice of entry of the order denying its first Rule 59(e) motion. The Court of Appeals held Coward Hunds second Rule 59(e)

motion did not stay the time for appeal and consequently dismissed the appeal as untimely. *Coward Hund,* 336 S.C. at 4, 518 S.E.2d at 58.

In *Quality Trailer,* decided three years later, a jury returned a verdict in favor of Quality Trailer. Appellant I Corp. timely served a written post-trial motion for JNOV and a new trial. The trial court issued a written order denying the motion and explaining the reasons for the denial. I Corp. then filed a written motion pursuant to Rules 52, 59, and 60, SCRCP, which was virtually identical to its written JNOV/new trial motion. The only changes I Corp. made were to caption the Rule 59(e) motion differently and to change the relief sought in the Rule 59(e) motion's final paragraph to coincide with the Rule 59(e) motion's caption. I Corp.'s Rule 59(e) motion did not identify a single issue raised but not ruled on, but merely recited, verbatim, the arguments made in the written JNOV/new trial motion.

We held the filing of a written, successive, virtually identical post-trial motion—raising issues which already had been raised to and ruled on by the trial court in a previous written order—does not stay the time for serving notice of appeal. "The time for filing appeal is not extended by submitting the same motion under a different caption." *Quality Trailer,* 349 S.C. at 220, 562 S.E.2d at 618. We dismissed I Corp's appeal as untimely because its written, successive, virtually identical post-trial motion did not stay the time for serving a notice of appeal.

Thus, *Quality Trailer* took *Coward Hund* a step further. *Coward Hund* barred as untimely an appeal from a second, written Rule 59(e) motion raising the same issues on which a ruling had been obtained by virtue of a previous, written Rule 59(e) motion; *Quality Trailer* barred as untimely an appeal from a first, written Rule 59(e) motion raising the same issues, verbatim, on which a ruling had been obtained in a previous, written JNOV/new trial motion.

The *Quality Trailer* view of successive post-trial motions has been applied in only two other published opinions by the Court of Appeals: *Collins Music,* 353 S.C. 559, 579 S.E.2d 524, and *Matthews,* 357 S.C. 594, 594 S.E.2d 177.

In *Collins Music,* the Court of Appeals found that an appeal was not timely by relying on *Quality Trailer* and *Coward Hund.* From a verdict in favor of Collins, appellant IGT timely filed and served written post-trial motions for JNOV, new trial, and new trial *nisi remittitur,* asserting twenty-eight grounds as support for its requested relief. The trial court denied all IGT's post-trial motions in a written order "after carefully reviewing the matter."

Seven days later, IGT served a substantively identical Rule 59(e) motion to alter or amend the judgment, asking the court to make specific rulings on each ground raised in the earlier motions. The trial court issued a written order denying IGT's Rule 59(e) motion and specifically stating IGT failed to raise any issue not already considered. IGT served a notice of appeal within thirty days of receipt of written notice of entry of the order denying its Rule 59(e) motion.

The Court of Appeals concluded IGT's written Rule 59(e) motion merely restated the same twenty-eight grounds and arguments the trial court had denied in its written order made in response to IGT's initial, written JNOV/new trial motions. Therefore, the time to appeal began to run from the date IGT received written notice of entry of the order denying its initial JNOV/new trial motions. Consequently, the Court of Appeals dismissed IGT's appeal as untimely. *Collins Music,* 353 S.C. at 565, 579 S.E.2d at 526–527. *Collins Music* is similar to *Quality Trailer* because it barred an appeal as untimely from a first, written Rule 59(e) motion raising the same issues on which a ruling had been obtained in a previous, written, virtually identical JNOV/new trial motion.

In *Matthews,* the defendant school district appealed a verdict in favor of Matthews. The Court of Appeals, acting *sua sponte* because it correctly recognized the timeliness of an appeal is a jurisdictional requirement, raised the *Quality Trailer* issue even though the parties had not.

The school district, immediately following the verdict, made oral motions for JNOV and new trial *nisi remittitur,* which the trial court orally denied. The school district received a written copy of entry of the judgment almost a month later, at which time the school district timely filed a first, written Rule 59(e) motion.

The school district's written Rule 59(e) motion restated its oral arguments made at the conclusion of the trial for remittitur of the verdict. Matthews submitted a response to the motion, requesting the verdict stand or, in the alternative, a new trial *nisi* to allow her to recover attorney's fees. The trial court reduced the verdict and awarded attorney's fees to Matthews. The school district appealed the award of attorney's fees.

The Court of Appeals concluded the school district had restated the same grounds in its first, written Rule 59(e) motion as it had in its oral JNOV/new trial motion made at the end of the trial. The trial court lacked jurisdiction to entertain an identical, successive post-trial motion. Relying on *Quality Trailer; Collins Music,* and *Coward Hund* and finding the case before it factually similar, the Court of Appeals held the school district had filed a successive post-trial motion that did not raise any new issue, but merely repeated the same arguments made in an earlier motion.

Although the trial court had granted the school district's successive motion—unlike precedent in which the successive motion was denied—the Court of Appeals reasoned that distinction made no difference in the outcome. The school district's first, written Rule 59(e) motion, which followed oral JNOV/new trial motions in which the same issues had been raised and ruled on, was not proper and did not toll the time for appeal. The school district's appeal was dismissed as untimely. *Matthews,* 357 S.C. at 597–600, 594 S.E.2d at 178–180.

*Matthews* is similarly postured to the case now before us. In both cases, the Court of Appeals has expanded the reach of *Quality Trailer* and *Collins Music* by applying them to cases in which a first, written Rule 59(e) motion was deemed to raise issues and arguments which already had been raised to and ruled on by virtue of previous, oral JNOV/new trial motions.

We conclude *Coward Hund* correctly stated and applied the prevailing view among federal courts that a second Rule 59(e) motion which raises the same issues and arguments made in a previous Rule 59(e) motion does not toll the time to appeal. *E.g., Aybar v. Crispin–Reyes,* 118 F.3d 10, 13–14 (1st Cir. 1997) (subsequent Rule 59 motion served within 10 days after

denial of initial Rule 59 motion for reconsideration, but more than 10 days after entry of original judgment, does not toll time for appeal); *Glinka v. Maytag Corp.*, 90 F.3d 72, 74 (2d Cir.1996) ("[a]llowing subsequent motions to repeatedly toll the filing period for a notice of appeal would encourage frivolous motions and undermine a fundamental canon of our legal system, to promote the finality of judgments"; court noted this view is "well-established" in federal circuits); *Wright v. Preferred Research, Inc.*, 891 F.2d 886, 889 (11th Cir.1990) ("the language and purpose of [federal] Rule 4(a)(4) indicate that the time for appeal is postponed only by an *original* motion of the type specified. *I.e.*, a motion to reconsider an order disposing of such a motion will not further postpone the time to appeal") (emphasis in original); 12 *Moore's Federal Practice* § 59.32[2] (3d ed. 2003); 11 Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* § 2817 (1995). However, "if the disposition of the first motion results in a judgment which is substantively altered, a subsequent motion will again postpone the appeal period." *Wright*, 891 F.2d at 889; 12 *Moore's Federal Practice* §§ 59.35 and 59.37.

We further conclude *Quality Trailer* and *Collins Music*—which involved written JNOV/new trial motions, a written ruling by the trial court, followed by a first, written, virtually identical Rule 59(e) motion—were correctly decided. *See Ex parte Mutual Sav. Life Ins. Co.*, 765 So.2d 649 (Ala.1998) (in case involving successive written motions, court explained the recourse following denial of a party's own post-judgment motion is by timely appeal because the rules do not provide for a "motion to reconsider" such a denial; however, a motion to reconsider is proper and will toll the time for appeal when post-judgment motion is granted and new judgment is entered); *Wenzoski v. Central Banking System, Inc.*, 43 Cal.3d 539, 237 Cal.Rptr. 167, 736 P.2d 753 (1987) (in case involving successive written motions, appeal was untimely because second separate motion for new trial, filed because party feared his first motion was filed too early, did not toll time to appeal); *Sears v. Sears*, 85 Ill.2d 253, 52 Ill.Dec. 608, 422 N.E.2d 610 (1981) (successive written post-trial motion which repeats what was raised or could have been raised in first written motion is not authorized by rules and does not extend time for appeal;

losing litigant is not entitled to return to trial court indefinitely hoping for change of heart or a more sympathetic judge, or string out arguments one at a time over months because "[t]here must be finality, a time when the case in the trial court is really over and the loser must appeal or give up"); *State ex rel. Douglas v. Bible Baptist Church of Lincoln,* 218 Neb. 307, 353 N.W.2d 20 (1984) (in case involving successive written motions, appeal was untimely because second motion for new trial, based in part on events which occurred after denial of first motion for new trial, was not proper and did not toll time for appeal); *Kaufman v. Oregonian Pub. Co.,* 195 Or. 164, 245 P.2d 237 (1952) (in case involving successive written motions, a party may not extend time for appeal from an order denying a motion for reinstatement of action by filing a second, substantively identical motion with a different judge); *Gassaway v. Patty,* 604 S.W.2d 60 (Tenn.Ct.App.1980) (in case involving successive written motions, appeal was untimely where a party filed second post-judgment motion seeking reconsideration of order denying first post-judgment motion; rules are meant to prevent filing of repetitive post-trial motions and avoid undue delays); 5 Am. Jur. 2d *Appellate Review* 303–310 (1995).

Accordingly, we reaffirm the rationale and principles expressed in *Coward Hund*; *Quality Trailer,* and *Collins Music.* An appeal may be barred due to untimely service of the notice of appeal when a party—instead of serving a notice of appeal—files a successive Rule 59(e) motion, where the trial judge's ruling on the first Rule 59(e) motion does not result in a substantial alteration of the original judgment. *Coward Hund.* An appeal also may be barred due to untimely service of the notice of appeal when a party—instead of serving a notice of appeal—recaptions a written JNOV/new trial motion, which has been ruled on, and resubmits it as a virtually identical, written Rule 59(e) motion. *Quality Trailer; Collins Music.*[2]

---

2.  We are aware that a party may attempt to file both a Rule 59 motion and a notice of appeal.  If this does occur, one or the other will be inappropriate depending on whether the motion is both timely under Rule 59 and permissible under our ruling today.  *Cf. Hudson v. Hudson,* 290 S.C. 215, 349 S.E.2d 341 (1986) (holding that when a timely post-trial motion is pending before the lower court, any notice of appeal will

We have found no foreign case similarly postured to the present case or *Matthews, i.e.,* a case in which a court held a written Rule 59(e) motion following an oral JNOV/new trial motion did not toll the time for appeal. At least one court has drawn a distinction between "perfunctory" oral motions made at the end of trial and more thoughtful written post-trial motions, concluding the former will not bar the latter or result in an appeal being dismissed as untimely. *Sherrod v. Nash Gen. Hosp., Inc.,* 348 N.C. 526, 500 S.E.2d 708, 710–711 (1998).

After studied review, we reject the rationale and result reached by the Court of Appeals in the present case and in *Matthews.* We conclude a party usually is free to file an initial Rule 59(e) motion, regardless of whether the previous JNOV/new trial motions were made orally or in writing, without unnecessary concern the repetition of an issue or argument made in a previous motion will result in a subsequent appeal being dismissed as untimely. In essence, we view the use of oral or written JNOV/new trial motions, followed by an initial Rule 59(e) motion, as part and parcel of a party's "single bite at the apple" in presenting his case to the trial court. Again, we caution a party who files post-trial motions to note carefully the exceptions to this general rule as expressed in *Coward Hund; Quality Trailer* and *Collins Music.*

We believe this view of the propriety of post-trial motions to be the correct approach for several reasons. First, it is proper to view a Rule 59(e) motion not only as a vehicle to request the trial court "alter or amend the judgment," but also as a vehicle to seek "reconsideration" of issues and arguments. A motion under Rule 59(e) long has been viewed as "motion for reconsideration" despite the absence of those words from the rule. Consequently, a party usually is allowed to ask the court to reconsider its decision even if it means rehashing all or part of an argument previously presented. *See, e.g., Arnold v. State,* 309 S.C. 157, 420 S.E.2d 834 (1992) ("purpose of Rule 59(e), SCRCP, to alter or amend the judgment is to

---

be dismissed without prejudice as premature). It is, of course, the party's responsibility to determine whether a Rule 59 motion or notice of appeal is appropriate under the facts of the case, and we caution parties not to attempt to avoid this responsibility by the simple expedient of filing both.

request the judge to reconsider matters properly encompassed in a decision on the merits"); *Curcio v. Caterpillar, Inc.*, 355 S.C. 316, 585 S.E.2d 272 (2003) (an example of the many cases in which trial and appellate courts describe a Rule 59(e) motion as a "motion to reconsider" or "motion for reconsideration"); James Flanagan, *South Carolina Civil Procedure* 474–475 (2d ed. 1996). There is nothing inherently unfair in allowing a party one final chance not only to call the court's attention to a possible misapprehension of an earlier argument, but also to revisit a previously raised argument. It is inherently unfair to disallow such an opportunity.

Rule 59(e) in the South Carolina and federal rules of civil procedure is practically identical.[3] Neither contains any provision for a motion for "reconsideration." However, federal courts consider it appropriate for a party to make a "motion for reconsideration" under Rule 59(e) even though the rule mentions only a "motion to alter or amend a judgment." This view holds true even when a party mislabels a post-trial motion. *See Blair v. Equifax Check Services, Inc.*, 181 F.3d 832, 837 (7th Cir.1999) (Rule 4(a)(4), FRAP, restates long-accepted practice of considering motions for reconsideration, a practice independent of any appellate rule); 12 *Moore's Federal Practice* § 59.30[2][a] and [7]; 11 Wright, Miller & Kane § 2810.1; 20 *Moore's Federal Practice* §§ 304.13[2] and 304.13[4][b] (3d ed. 2003). "[T]he wisdom of giving district courts the opportunity promptly to correct their own alleged errors is all the justification needed" for the practice of freely allowing a motion for reconsideration. *Blair*, 181 F.3d at 837.

In fact, the United States Supreme Court explicitly has described a motion under federal Rule 59(e) as one which "involves *reconsideration* of matters properly encompassed in a decision on the merits." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174, 109 S.Ct. 987, 990, 103 L.Ed.2d 146, 154 (1989)

---

**3.** Rule 59(e), SCRCP, provides:

Motion to Alter or Amend a Judgment. A motion to alter or amend the judgment shall be served not later than 10 days after receipt of written notice of the entry of the order.

Rule 59(e), FRCP, provides:

Motion to Alter or Amend Judgment. Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment.

(a request relating to discretionary prejudgment interest is a part of the plaintiff's compensation and thus a part of the decision on the merits, which means a Rule 59(e) motion raising prejudgment interest tolled the time for appeal; Court cited precedent in which Rule 59(e) motions relating to attorney's fees and case costs are deemed collateral issues, thus such motions did not toll the time for appeal) (emphasis added). The Court explained its decision furthered the goals of avoiding piecemeal appeals and fostering informed appellate review. *Osterneck,* 489 U.S. at 177–178, 109 S.Ct. at 992, 103 L.Ed.2d at 156.

The commentators explain that the approach taken in today's rules allowing a motion for reconsideration which addresses the merits of the case at hand originated in the common law. "It is absolutely necessary *to justice,* that there should, upon many occasions, be opportunities of *reconsidering* the cause by a new trial." 11 Wright, Miller & Kane § 2801 (quoting a 1757 opinion written by an English judge) (emphasis in original); 12 *Moore's Federal Practice* 59 App. 102 (even before 1946 amendment adding subdivision (e) to Rule 59, courts routinely found that motions seeking such relief as rehearing or reconsideration were proper under Rule 59, although the motions were not literally or technically motions for a new trial).

■ Second, a great number of reported cases in South Carolina for at least four generations, and more recently the appellate court rules and rules of civil procedure, have emphasized the importance and absolute necessity of ensuring that all issues and arguments are presented to the lower court for its consideration. Issues and arguments are preserved for appellate review only when they are raised to and ruled on by the lower court. *E.g., Wilder Corp. v. Wilke,* 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review."); *Long v. Dunlap,* 87 S.C. 8, 68 S.E. 801 (1910) (Supreme Court will not consider any point which was not presented and considered below unless it involves jurisdiction of the court); *Gaffney v. Peeler,* 21 S.C. 55 (1884) (question of law which was not presented to or passed upon by the trial court cannot be raised on appeal);

Rule 210(c), SCACR (record on appeal shall not include matter which was not presented to lower court).

In recently clarifying the law on the presentation and use of additional sustaining grounds in an appeal, we emphasized we did not "mean to dilute the important principle that all parties should raise all necessary issues and arguments to the lower court and attempt to obtain a ruling." *I'On, L.L.C. v. Town of Mt. Pleasant,* 338 S.C. 406, 421, 526 S.E.2d 716, 724 (2000);[4] *see also* Jean Hoefer Toal, et al., *Appellate Practice in South Carolina* 55–60 (2002).

■ Third, our rules contemplate two basic situations in which a party should consider filing a Rule 59(e) motion. A party *may* wish to file such a motion when she believes the court has misunderstood, failed to fully consider, or perhaps failed to rule on an argument or issue, and the party wishes for the court to reconsider or rule on it. A party *must* file such a motion when an issue or argument has been raised, but not ruled on, in order to preserve it for appellate review.

■ Fourth, South Carolina appellate courts do not recognize the "plain error rule," under which a court in certain circumstances is allowed to consider and rectify an error not raised below by the party. *Dykema v. Carolina Emergency Physicians, P.C.,* 348 S.C. 549, 554, 560 S.E.2d 894, 896 (2002); *Kennedy v. South Carolina Retirement System,* 349 S.C. 531,

---

4. In discussing the need for a Rule 59(e) motion, we explained that

   [t]he losing party must first try to convince the lower court it has ruled wrongly and then, if that effort fails, convince the appellate court that the lower court erred. This principle underlies the long-established preservation requirement that the losing party generally must both present his issues and arguments to the lower court and obtain a ruling before an appellate court will review those issues and arguments....
   If the losing party has raised an issue in the lower court, but the court fails to rule upon it, the party must file a motion to alter or amend the judgment in order to preserve the issue for appellate review....
   Imposing this preservation requirement on the appellant is meant to enable the lower court to rule properly after it has considered all relevant facts, law, and arguments. The requirement also serves as a keen incentive for a party to prepare a case thoroughly. It prevents a party from keeping an ace card up his sleeve intentionally or by chance in the hope that an appellate court will accept that ace card and, via a reversal, give him another opportunity to prove his case.
   *I'On,* 338 S.C. at 422, 526 S.E.2d at 724.

564 S.E.2d 322 (2001). Our mandatory preservation requirements make it doubly important that litigants generally be freely allowed to file a first, written Rule 59(e) motion without concern a later appeal will be deemed untimely.

Fifth, civil procedure and appellate rules should not be written or interpreted to create a trap for the unwary lawyer or party, but a careful consideration of this issue has led us to conclude that is precisely the effect of an unwarranted expansion of *Quality Trailer. Cf. Gamble v. State*, 298 S.C. 176, 379 S.E.2d 118 (1989) (stating rules applicable to post-conviction relief actions should not be construed in manner which operate as a trap for the unwary or deprive an applicant of the adjudication on the merits of his original petition); Rule 1, SCRCP (civil procedure rules "shall be construed to secure the just, speedy, and inexpensive determination of every action").

If a party is unsure whether he properly raised all issues and obtained a ruling, he must file a Rule 59(e) motion or an appellate court may later determine the issue or argument is not preserved for review. But in filing the motion, he may unwittingly forfeit the right to an appeal if an appellate court later determines the Rule 59(e) motion was unnecessary because he already had raised the issue and obtained a ruling. We strive to avoid an interpretation of procedural rules which routinely would place a party between the proverbial rock and a hard place.[5]

■ Turning to the present case, SCDOT argued, *inter alia*, in its first, written Rule 59(e) motion, which followed oral JNOV/new trial motions made immediately after the jury's verdict, the trial court misapplied the appropriate standard for notice. SCDOT asserted that notice of a hazard is "interrupted" by responsive action to correct the defect. SCDOT contended, although the trial court had instructed the jury correctly on its notice theory, the court in denying SCDOT's

---

5. We are presented in this case with a party which believed a Rule 59(e) motion was necessary and appropriate. We do not mean to imply by our emphasis on the potential importance of such a motion that one is necessary or desirable in every case. An aggrieved party who is confident his issues and arguments were sufficiently raised to and ruled on by the trial court may wish to simply file and serve a timely notice of appeal.

JNOV/new trial motions considered evidence of notice at any time sufficient to create a factual issue for the jury, regardless of whether the notice occurred before or after the remedial work. SCDOT in its Rule 59(e) motion also raised other issues and arguments it had previously addressed in its JNOV/new trial motions.

While SCDOT in its written Rule 59(e) motion may have revisited some issues and arguments raised in its oral JNOV/new trial motions, we conclude the Rule 59(e) motion was proper for the reasons we explain today. This case is not factually similar to *Coward Hund* because it involves a first, written Rule 59(e) motion, not a second one. It is not factually similar to *Quality Trailer* or *Collins Music* because SCDOT did not simply resubmit a virtually identical, written Rule 59(e) motion raising the same issues on which it already had obtained a ruling by virtue of a previous, written JNOV/new trial motion.

SCDOT timely served its notice of appeal within thirty days after receipt of written notice of entry of the order denying its Rule 59(e) motion. Consequently, we reverse the Court of Appeals' order dismissing SCDOT's appeal as untimely. We also overrule *Matthews*, 357 S.C. 594, 594 S.E.2d 177, because it is inconsistent with the view of post-trial motions we set forth today.

## II. Denial of SCDOT's motions

In the interest of judicial economy, we address the merits of SCDOT's appeal. *See Floyd v. Horry County School Dist.*, 351 S.C. 233, 234, 569 S.E.2d 343, 344 (2002); *Faile v. S.C. Dep't of Juvenile Justice*, 350 S.C. 315, 328, 566 S.E.2d 536, 543 (2002).

SCDOT argues (1) the trial court erred in denying its motion for new trial absolute based upon the excessiveness of the verdict; (2) the trial court erred in denying it's motion for leave to amend to assert the statutory defense of immunity for design; and (3) the trial court erred in denying its motions for a directed verdict and judgment notwithstanding the verdict based upon the absence of proof of causative negligence on the part of SCDOT and the absence of notice of defect to SCDOT

after its remedial actions and prior to Elam's accident. We disagree.

When considering a motion for a new trial based on the inadequacy or excessiveness of the jury's verdict, the trial court must distinguish between awards that are merely unduly liberal or conservative and awards that are actuated by passion, caprice, or prejudice. *Allstate Ins. Co. v. Durham*, 314 S.C. 529, 431 S.E.2d 557 (1993). The decision to grant or deny a new trial absolute based on the excessiveness of a verdict rests in the sound discretion of the trial court and will not ordinarily be disturbed on appeal. *South Carolina State Highway Dep't v. Clarkson*, 267 S.C. 121, 226 S.E.2d 696 (1976). We conclude the record reflects the jury was presented with uncontradicted evidence that, as a result of the accident, Elam suffered physical and mental injuries sufficient to support the jury's verdict. The trial court did not abuse its discretion in denying SCDOT's motion for a new trial absolute based on the amount of the verdict.

Further, the trial court did not err in denying SCDOT's motion for leave to amend to assert the statutory defense of immunity of design. During Elam's case in chief, SCDOT moved the trial court to allow it to amend its answer to assert the design defense of S.C.Code Ann. § 15–78–60(15) (Supp.2003). SCDOT sought to amend its answer to conform to the evidence presented that the water on the roadway, which allegedly caused Elam's accident, was a result of an inadequate drainage pipe. The trial court ruled there was no competent evidence the water on the highway was due to a design error. The decision whether to allow a party to amend a pleading to conform to the evidence is left to the sound discretion of the trial judge. *Foggie v. CSX Transp., Inc.*, 313 S.C. 98, 431 S.E.2d 587 (1993). We conclude the trial court did not abuse its discretion in denying SCDOT's motion.

Finally, we find no error on the part of the trial judge in denying SCDOT's motions for a directed verdict and JNOV based on the absence of negligence on the part of SCDOT. When reviewing the denial of a motion for directed verdict or JNOV, an appellate court must employ the same standard as the trial court by viewing the evidence and all reasonable inferences in the light most favorable to the non-

moving party. *Strange v. South Carolina Dep't of Highways & Pub. Transp.*, 314 S.C. 427, 445 S.E.2d 439 (1994). The appellate court will reverse the trial court only where there is no evidence to support the ruling below. *Id.*

Viewing the evidence in the light most favorable to Elam, it is reasonably inferable the jury could find SCDOT's negligence caused the accident. The jury heard the testimony of several witnesses, including SCDOT's former resident maintenance engineer for Allendale County, who testified SCDOT had actual notice the site of Elam's accident was a flood hazard. Sergeant G.F. King, a trooper with the South Carolina Highway Patrol, testified there had been numerous accidents during the past eight years at the same location. Sergeant King testified he had reported the condition to SCDOT on numerous occasions. Given the testimony of these witnesses and others, the jury could reasonably have found SCDOT negligent in failing to properly maintain the highway.

SCDOT argues the trial court erred in denying its motions for a directed verdict and JNOV based on the absence of notice of the defect after the department's remedial work actions and prior to Elam's accident. We affirm the trial court's ruling the evidence presented a jury question on whether SCDOT took any remedial actions. *See Strange, supra.*

## CONCLUSION

We reaffirm the principles set forth in *Coward Hund*, 336 S.C. 1, 518 S.E.2d 56; *Quality Trailer*, 349 S.C. 216, 562 S.E.2d 615; and *Collins Music*, 353 S.C. 559, 579 S.E.2d 524. We reverse the Court of Appeals' order in the present case and overrule the Court of Appeals' opinion in *Matthews*, 357 S.C. 594, 594 S.E.2d 177. We conclude SCDOT timely served its notice of appeal after receipt of written notice of entry of the order denying its Rule 59(e) motion.

On the merits of SCDOT's appeal, the trial court did not err in denying SCDOT's motion to amend its answer or its motions for a directed verdict, JNOV, and new trial. Accordingly, we reinstate the jury's verdict in favor of Elam and

remand this case to circuit court for entry of judgment on the verdict.

**REVERSED.**

TOAL, C.J., and MOORE, J., concur.

WALLER, J., dissents in a separate opinion in which PLEICONES, J., concurs.

Justice WALLER dissenting:

I respectfully dissent. In my opinion, SCDOT's Rule 59(e) motion, raising the same issues orally raised to and ruled upon in its motions for directed verdict, JNOV, and a new trial, did not stay the time for filing a notice of appeal. I would affirm the Court of Appeals' holding that SCDOT's appeal was untimely.

Post-trial motions are required in two primary circumstances: to preserve issues that have been raised to the trial court but not yet ruled upon or when the trial court grants relief not requested or rules on an issue never raised at trial. Jean Hoefer Toal, et al, *Appellate Practice in South Carolina* 59–60 (2d ed. 2002). Issues are preserved for appeal even where a JNOV motion is denied in a form order, if the issues have been adequately raised and argued to the court and the record on appeal contains transcripts of the court proceedings. *Bailey v. Segars,* 346 S.C. 359, 550 S.E.2d 910 (Ct.App.2001).

Here, SCDOT repeatedly argued its position to the trial court: in its directed verdict motion, in renewing its directed verdict motion, in its motion for JNOV, and in its motion for a new trial. Each time the trial judge denied SCDOT's motions. Two years ago, in *Quality Trailer Products v. CSL Equipment Co. Inc.,* 349 S.C. 216, 562 S.E.2d 615 (2002), we held the filing of a successive motion, raising issues already raised to and ruled upon by the trial judge, does not stay the time to appeal. Nothing in *Quality Trailer* limited our holding to the filing of **written** post-trial motions. In my opinion, once a litigant has fully argued, either orally or in writing, its post-trial motions to a judge, and obtained a ruling thereon, there is simply no need to permit the same exact arguments to be re-raised in a subsequent Rule 59(e) motion.

I would hold SCDOT had its one full bite at the apple such that the filing of its written Rule 59(e) motion did not stay the time for filing an appeal in this case. I would affirm the Court of Appeals' opinion.[6]

PLEICONES, J., concurs.

---

6. I would also affirm the opinion in *Matthews v. Richland County School Dist. One,* 357 S.C. 594, 594 S.E.2d 177 (Ct.App.2004).