THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Mortgage
 Electronic Registration Systems, Inc., as Nominee for Chase Home Finance,
 LLC, Successor by merger to Chase Manhattan Mortgage Corporation and Terry
 Wolfe, Purchaser, Respondents,
 v.
 Percy L.
 Fordham, Jr. a/k/a Percy Vonfordham a/k/a Percy L. Forham, Jr., Kathy Lynn
 Fordham a/k/a L. Fordham a/k/a Kathy Lynn Bruce, Wachovia Bank, National
 Association, and United States of America acting by and through its agency,
 The Department of the Treasury-Internal Revenue Service, Defendants,
 of whom
 Wachovia Bank, National Association is the Appellant.
 
 
 

Appeal From Richland County
 Joseph  M. Strickland, Master-in-Equity
Unpublished Opinion No. 2008-UP-289
Submitted May 1, 2008  Filed June 4, 2008    
AFFIRMED

 
 
 
 Robert C. Byrd, of Charleston; and Susan Batten Lipscomb, of Columbia, for Appellant.
 Elizabeth Rice
 Polk, J. Kershaw Spong, and James Derrick Jackson, all of Columbia; and James
 Edward Bradley, of West Columbia; for Respondents.
 
 
 

PER CURIAM: In
 this foreclosure action, Wachovia Bank appeals the order of the
 master-in-equity denying its motions to set aside the judicial sale of the
 subject property. [1]  
We affirm the order of the master pursuant to Rule 220(b)(2),
 SCACR, and the following authorities: Elam v. S.C. Dep't of Transp., 361
 S.C. 9, 14-15, 602 S.E.2d 772, 775 (2004) (noting that the requirement of
 service of the notice of appeal is jurisdictional, i.e., if a party misses the
 deadline, the appellate court lacks jurisdiction to consider the appeal and has
 no authority or discretion to rescue the delinquent party by extending or
 ignoring the deadline for service of the notice); Rule 203(b)(1), SCACR; Rules
 50(e), 52(c), and 59(f), SCRCP (a timely post-trial motion, including a motion
 to alter or amend the judgment pursuant to Rule 59(e), SCACR, stays the time
 for an appeal for all parties until the receipt of written notice of entry of
 the order granting or denying such motion); Elam, 361 at 20; 602 S.E.2d
 at 778 (finding that filing successive, virtually identical post-trial motions
 which raise issues already raised and ruled upon in a previous written order
 does not repeatedly toll the filing period for a notice of appeal). 
AFFIRMED.
THOMAS, J., PIEPER, J., and GOOLSBY, A.J., concur.

[1]  We decide this case without oral argument
 pursuant to Rule 215, SCACR.