THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE
 CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 In the Matter
 of the Care and Treatment of Robert Lee Cogdill, Appellant.
 
 
 

Appeal From Greenwood County
 Marc H. Westbrook, Circuit Court Judge
Unpublished Opinion No. 2007-UP-553
Submitted December 1, 2007  Filed
 December 14, 2007
AFFIRMED

 
 
 
 Deputy Chief for Capital Appeals Robert Dudek, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Attorney General Deborah R.J. Shupe, Office
 of the Attorney General, of Columbia, for Respondent.
 
 
 

PER CURIAM:  Robert
 Lee Cogdill appeals the trial judges refusal to grant a directed verdict on
 the charge that [he] was a sexually violent predator since there was no direct
 or substantial circumstantial evidence on a personal level, rather than as a
 matter of statistics, that [he] was likely to engage in acts of sexual violence
 if he was not confined to a secure facility for . . . long term care and
 treatment, particularly where the states expert did not conduct any testing on
 [him] before . . . rendering her general opinion.  We affirm.[1]
FACTS
In
 1986, Cogdill plead guilty to committing a lewd act on a minor and was
 sentenced to five years probation.  In 1988, he plead guilty to two counts of
 first degree criminal sexual conduct with a minor and was sentenced to thirty
 years incarceration.  Prior to Cogdills scheduled release date, the State of
 South Carolina filed a petition pursuant to the South Carolina Sexually Violent
 Predator Act, South Carolina Code section 44-48-100 (Supp. 2006), seeking to
 have Cogdill civilly committed for long term care and treatment as a sexually
 violent predator.
The
 matter was called for a jury trial on May 17, 2005.  Following the close of the
 States case, Cogdills attorney made a motion for a directed verdict. 
 Specifically, Cogdills attorney argued that the testimony of the States sole
 witness was not based on individual testing or observations of Cogdill and
 there was no evidence that Cogdill had serious difficulty controlling his
 behavior as required by Kansas v. Crane, 534 U.S. 407, 122 S.Ct. 867
 (2002).  The circuit court denied the motion for a directed verdict. At the
 conclusion of the trial, the jury found Cogdill was a sexually violent
 predator, and the trial judge, by order filed May 18, 2005, committed Cogdill
 to the custody of the South Carolina Department of Mental Health for long term
 control, care, and treatment.     
STANDARD OF
 REVIEW
When reviewing the denial of a motion for directed verdict, this Court applies
 the same standard as the trial court. Elam v. S.C. Dept of Transp.,
 361 S.C. 9, 27, 602 S.E.2d 772, 782 (2004). The Court is required to view the
 evidence and inferences that
 reasonably can be drawn therefrom in the light most favorable to the non-moving
 party. Sabb v. S.C. State Univ., 350 S.C. 416, 428, 567 S.E.2d 231, 237
 (2002). When deciding whether to grant or deny a
 directed verdict motion, the court is concerned only with the existence of
 evidence. Pond Place Partners v. Poole, Inc., 351 S.C. 1, 15, 567 S.E.2d
 881, 888 (Ct. App. 2002).  The motion should be denied when either the
 evidence yields more than one inference or its inference is in doubt. McMillan
 v. Oconee Meml Hosp., Inc., 367 S.C. 559, 564, 626 S.E.2d 884, 886 (2006).  When considering directed verdict motions, neither the trial court nor the
 appellate court has authority to decide credibility
 issues or to resolve conflicts in the testimony or evidence.  Harvey v.
 Strickland, 350 S.C. 303, 308, 566 S.E.2d 529, 532 (2002).
LAW/ANALYSIS
Cogdills appeals the trial judges denial
 of his motion for a directed verdict.  Cogdill specifically argues that the
 evidence presented against him was insufficient given that the testimony of the
 States sole witness was not based on individual testing or observations of him
 and there was no evidence that he had serious difficulty controlling his
 behavior as required by Kansas v. Crane, 534 U.S. 407, 122 S.Ct. 867
 (2002).  We disagree.
the trial, Dr. Pamela Crawford, a psychiatrist from the South Carolina Department
 of Mental Health, testified as an expert witness for the State.  Dr. Crawford
 testified that she did not perform any psychological test on Cogdill but that
 she met with Cogdill and reviewed information about him contained in his case
 file.   Dr. Crawford testified that Cogdill suffers from pedophilia, which
 affects his likelihood to re-offend and that it was her opinion, to a
 reasonable degree of medical certainty, Cogdill qualified as a sexually violent
 predator.  She also testified that Cogdill has trouble controlling his behavior
 and that his lack of control was illustrated by the fact he had re-offended
 while on probation.  Dr. Crawford testified that if Cogdill was released
 without treatment, he would likely re-offend and prepubescent boys would be at
 risk.  During cross examination, Cogdills
 attorney thoroughly questioned Dr. Crawford on the methods she used and the
 fact no psychological testing
 was performed on Cogdill. 
The testimony of Dr. Crawford provides sufficient evidence to
 justify the trial judges denial of Cogdills motion and satisfies the mandate
 of Crane.  See In re
 Care & Treatment of Harvey, 355
 S.C. 53, 59-61, 584 S.E.2d 893, 896-7 (2003) (stating that the requirements of the Sexually Violent Predator Act are the
 functional equivalent of the requirement in Crane and finding
 sufficient evidence where a psychiatrist testified she diagnosed the offender
 with pedophilia and the offender met the statutory definition of a sexually
 violent predator).    
CONCLUSION
Accordingly,
 the order of the trial judge is 
AFFIRMED. 
ANDERSON,
 SHORT, and WILLIAMS JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.