THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT
 BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Ronald C.
 Harris, Appellant,
 v.
 Penn Warranty
 Corporation and West Main Automotive Respondents.
 
 
 

Appeal From Richland County
 Alison Renee Lee, Circuit Court Judge
Unpublished Opinion No.  2007-UP-554
Submitted December 1, 2007  Filed
 December 14, 2007  
AFFIRMED

 
 
 
 Ronald C. Harris, of Columbia, for Appellant.
 Robert Charles Brown and J. Austin Hood, both of Columbia and Stephen
 Bucher, of Mt. Pleasant, for Respondents.
 
 
 

PER CURIAM: 
 Ronald C. Harris filed this action against Penn Warranty Corporation (Penn) and
 West Main Automotive (West Main) arising out of Harris purchase of an
 automobile.  Harris appeals the trial courts order granting a motion to compel
 settlement.  We affirm.[1]
FACTS
This action was settled on the record
 after Harris presented his case during a jury trial.  The trial court dismissed
 the action.[2] 
 Penn and West Main remitted the settlement checks to Harris.  Harris returned
 the checks and refused to honor the settlement. 
West Main and Penn moved to compel settlement.[3] 
 At the hearing on the motion, Harris argued that although he agreed to the
 settlement on the record, he misunderstood the procedural posture of the case
 and disagreed with his attorney regarding settlement.  The court granted the
 motion to compel settlement.  
LAW/ANALYSIS
Harris
 argues his attorney entrapped him into making the settlement and the
 settlement is unfair.  It is a long-standing and well-settled rule that an
 attorney may settle litigation on behalf of his client and that the client is
 bound by his attorneys settlement actions.  Motley v. Williams, 374
 S.C. 107, 111, 647 S.E.2d 244, 246 (Ct. App. 2007).  Any communication failure or mistake on the part of an attorney
 is directly attributable to his client.  Id. at 112, 647 S.E.2d at 247.
At the hearing on
 the motion to compel settlement, the trial court reviewed the record and noted
 Harris agreement to the settlement.  The judge at the trial queried the
 attorneys and Harris himself to verify all issues were settled and then asked: 
 Mr. Harris, do you have any questions, sir, at all?  Harris asked about any
 possible counterclaims and was assured all potential counterclaims were also
 settled.  The trial court dismissed the action.  We find no error by the trial
 court in granting the motion to compel settlement.
Harris also argues
 the settlement documents contain stipulations that were not agreed upon on the
 record at the trial.  Harris does not explain this allegation and did not raise
 the issue to the trial court at the hearing on the motion to compel
 settlement.  Thus, the issue is not preserved for appellate review.  See Elam v. South Carolina Dept of Transp., 361 S.C. 9, 24, 602 S.E.2d 772,
 780 (2004) (stating an issue must be raised to and ruled upon by the circuit
 court to be preserved).
Based on the
 foregoing, the order on appeal is
AFFIRMED.
ANDERSON, SHORT,
 and WILLIAMS, JJ., concur.

[1]  We decide this case without oral argument
 pursuant to Rule 215, SCACR.
[2]  For background facts, see this Courts opinion
 at Harris v. Penn Warranty, Op. No. 2007-UP-00546 (S.C. Ct. App. filed Dec. 11, 2007).  
 
[3]  West Main filed the motion and Penn later joined
 in the motion.