THIS OPINION HAS NO PRECEDENTIAL
 VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
 EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.  
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Bonnie Teresa
 Thomas Kemp, Appellant,
 
 
 

v.

 
 
 
 Bradford Kemp, Respondent.
 
 
 

Appeal from Greenville County
 Billy A. Tunstall, Jr., Family Court
Judge

Unpublished Opinion No. 2012-UP-200   
 Submitted March 1, 2012  Filed March 21,
2012

APPEAL DISMISSED

 
 
 
 H. Michael Spivey and Melissa D. Spivey,
 of Mauldin, for Appellant.
 Donna June Jackson, of Clinton, and Rodney
 M. Brown, of Fountain Inn, for Respondent.
 Bobby H. Mann, Jr., of Greenville, for
 Guardian ad Litem.
 
 
 

PER CURIAM: Bonnie
 Teresa Thomas Kemp (Wife) appeals the family court's approval of her agreement
 entered into pursuant to her decree of divorce from Bradford Kemp.  Wife argues
 the family court erred in (1) failing to ensure the agreement was freely and
 voluntarily entered; (2) failing to ensure the agreement was fair and equitable
 to Wife; (3) refusing to allow the case to go to trial and forcing the parties
 to continue to negotiate; and (4) refusing to entertain the recommendation of
 the guardian ad litem as to custody.  We dismiss.[1]
A party wishing
 to appeal an order of the family court must serve a notice of appeal on all
 respondents "within thirty (30) days after receipt of written notice of
 entry of the order or judgment."  Rule 203(b)(1), (3), SCACR.  A timely Rule 59(e) motion to alter or amend
 judgment stays the time for appeal until the appellant receives "written
 notice of entry of the order granting or denying such motion."  Rule
 203(b)(1), SCACR; Rule 59(f), SCRCP.  A motion to alter or amend the judgment
 must be served not later than ten days after receipt of written notice of the
 entry of the order.  Rule 59(e), SCRCP.  Timeliness of an appeal is a jurisdictional matter.  Elam v. S.C. Dep't of Transp.,
 361 S.C. 9, 17, 602 S.E.2d 772, 776 (2004).  An untimely notice of appeal shall
 be dismissed.  Rule 203(d)(3), SCACR.  
Here, Wife
 received written notice of entry of the family court's order on November 23,
 2010.  Wife filed and served her Rule 59(e) motion on December 9, 2010, the sixteenth
 day following the receipt of the family court's written order.  Because her
 Rule 59(e) motion was untimely, Wife was required to file any notice of appeal
 within thirty days from November 23, 2010, the date she received written notice
 of the final order.  Wife served her notice of appeal on February 28, 2011,
 which was more than thirty days after her receipt of written notice of the family
 court's order.  Accordingly, this appeal is untimely and must be dismissed.  
APPEAL
 DISMISSED.
WILLIAMS,
 THOMAS, and LOCKEMY, JJ., concur. 

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.