**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Helena P. Tirone and Truman's Eclectic Irish Pub, Inc.,
Respondents,

v.

Thomas W. Dailey, Appellant.

Appellate Case No. 2012-213582

───────────────

Appeal From Beaufort County
Marvin H. Dukes, III, Master-in-Equity

───────────────

Unpublished Opinion No. 2014-UP-203
Heard March 5, 2014 – Filed May 28, 2014

───────────────

**AFFIRMED**

───────────────

Andre DuBose Rembert, of Charleston, for Appellant.

James Ashley Twombley, of Twenge & Twombley, LLC, of Beaufort, for Respondents.

───────────────

**PER CURIAM:** Thomas W. Dailey appeals the order of the trial court granting summary judgment to Helena P. Tirone, in which the court held Tirone was not individually liable under Dailey's counterclaims. We affirm pursuant to Rule 220(b), SCACR, and the following authorities: Rule 203(b)(1), SCACR (stating

the notice of appeal in a civil action must be served on all respondents within thirty days following receipt of written notice of entry of the order or judgment); *Elam v. S.C. Dep't of Transp.,* 361 S.C. 9, 14, 602 S.E.2d 772, 775 (2004) (stating the requirement of service of the notice of appeal is jurisdictional); *id.* at 14-15, 602 S.E.2d at 775 ("[I]f a party misses the deadline, the appellate court lacks jurisdiction to consider the appeal and has no authority or discretion to 'rescue' the delinquent party by extending or ignoring the deadline for service of the notice."); *Otten v. Otten,* 287 S.C. 166, 167, 337 S.E.2d 207, 208 (1985) (stating a motion made under Rule 60, SCRCP, does not toll the running of the time for appeal); *Transp. Ins. Co. & Flagstar Corp. v. S.C. Second Injury Fund*, 389 S.C. 422, 431, 699 S.E.2d 687, 691 (2010) ("An unappealed ruling is the law of the case and requires affirmance."); *Lanier v. Lanier*, 364 S.C. 211, 217, 612 S.E.2d 456, 459 (Ct. App. 2005) (stating that in order to obtain a new trial based on newly discovered evidence, a movant must establish that the newly discovered evidence: "(1) will probably change the result if a new trial is granted; (2) has been discovered since the trial; (3) could not have been discovered before the trial; (4) is material to the issue; and (5) is not merely cumulative or impeaching"); *McCall v. IKON*, 380 S.C. 649, 659-60, 670 S.E.2d 695, 701 (Ct. App. 2008) (stating an order comes to the appellate court with a presumption of correctness and the burden is on appellant to demonstrate reversible error); *Wilson v. Dallas*, 403 S.C. 411, 449, 743 S.E.2d 746, 767 (2013) (noting an argument is effectively abandoned if the appellant's brief treats it in a conclusory manner).[1]

---

[1] This court denied Dailey's motion to accept the filing of his final reply brief out of time. Even if the court had accepted the reply brief, our decision would be the same. *See McClurg v. Deaton,* 395 S.C. 85, 87 n.2, 716 S.E.2d 887, 888 n.2 (2011) (stating an issue may not be raised for the first time in a reply brief); *Glasscock, Inc. v. U.S. Fid. & Guar. Co.*, 348 S.C. 76, 81, 557 S.E.2d 689, 691-92 (Ct. App. 2001) (finding appellant's argument made in footnote of initial brief was not preserved because it was conclusory and cited no supporting authority and while the argument was more fully addressed in the reply brief, an argument made in a reply brief cannot present an issue to the appellate court if it was not addressed in the initial brief).

**AFFIRMED.**

**HUFF, THOMAS, and PIEPER, JJ., concur.**