769 S.E.2d 263

The STATE, Respondent,

v.

Mitchell RIVERS, Appellant.

Appellate Case No. 2011–186026.

No. 5296.

Court of Appeals of South Carolina.

Heard Jan. 8, 2015.
Decided Feb. 11, 2015.

552

Chief Appellate Defender Robert Michael Dudek, and Appellate Defenders Breen Richard Stevens and Benjamin John Tripp, all of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Jennifer Ellis Roberts, all of Columbia; and Solicitor William Benjamin Rogers, Jr., of Bennettsville, for Respondent.

LOCKEMY, J.

Mitchell Rivers was convicted of homicide by child abuse following the death of his four-month-old adopted son (the victim). Rivers appeals his conviction, arguing the trial court erred in admitting evidence of injuries the victim sustained at an earlier time because no evidence connected Rivers to the injuries. We affirm.

**FACTS**

The State alleged the victim died of asphyxiation while in Rivers's custody. Rivers claimed the victim's death was an accident and "did not occur under circumstances that manifest extreme indifference to human life."

Before trial, Rivers filed a motion to exclude "certain aspects of the collateral evidence that was observed during the [victim's] autopsy." In a memorandum filed with the court, Rivers explained he was seeking to exclude "evidence of any extraneous injuries to the [victim] . . . that occurred prior to

the [victim]'s death." He asserted "[t]here [wa]s no nexus between these extraneous injuries and the causes of death of the [victim]" and that "[e]vidence of alleged prior child abuse is inadmissible where there is no evidence that the [d]efendant inflicted the previous injuries." The State filed a memorandum supporting admission of the evidence, arguing "the constellation of injuries is evidence of child abuse and neglect, directly relevant pursuant to [Rule 404(b), SCRE,] to counter [Rivers's] argument of mistake or accident" and to establish motive.

During a pretrial hearing on Rivers's motion, the trial court stated it would admit the parties' memoranda as court exhibits and noted both parties "clearly stated [their] positions." The trial court denied Rivers's motion, stating, "These child cases are getting a little different treatment than what we normally are use[d] to involving adult cases and other type criminal cases." The trial court concluded its ruling by informing Rivers, "You're protected on the record on that."

Following his trial, the jury convicted Rivers of homicide by child abuse, and the trial court sentenced him to life imprisonment. This appeal followed.[1]

**LAW/ANALYSIS**

■ Rivers argues the trial court erred in admitting evidence of the victim's other injuries because no evidence connected Rivers to the injuries. We find this issue is unpreserved.

■ "In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court]. Issues not raised and ruled upon in the trial court will not be considered on appeal." *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693–94 (2003). "A party need not use the exact name of a legal doctrine in order to preserve it,

---

1. Rivers's appellate counsel initially filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asking to be relieved as counsel. This court denied the petition to be relieved as counsel and directed the parties to address the following issue and any other issues of arguable merit: "Did the trial court err in admitting evidence of collateral injuries indicative of prior child abuse?" *State v. Mitchell Rivers*, S.C.Ct.App. Order dated Sept. 5, 2013.

but it must be clear that the argument has been presented on that ground." *Id.* at 142, 587 S.E.2d at 694.

Initially, we note that prior to trial, the trial court never ruled on the current issue on appeal—whether evidence of the victim's other injuries was inadmissible because no evidence connected Rivers to the injuries. Rather, in denying Rivers's motion to exclude evidence of the victim's other injuries, the trial court stated, "These child cases are getting a little different treatment than what we normally are use[d] to involving adult cases and other type criminal cases." Although Rivers argued in his pre-trial memoranda that "[e]vidence of alleged prior child abuse is inadmissible where there is no evidence that the [d]efendant inflicted the previous injuries," the trial court's ruling that "child cases are getting a little different treatment" does not indicate it considered whether there was any evidence connecting Rivers to these injuries. Moreover, Rivers never objected or requested clarification from the trial court regarding its ruling. We further note that at the time of the pre-trial hearing, there had been no evidence presented as to who was responsible for the victim's other injuries. The parties had not proffered any testimony on this issue, and they had not submitted any affidavits indicating the evidence they intended to present at trial. Thus, the trial court could not have made a pre-trial ruling as to whether there was any evidence connecting Rivers to the victim's other injuries.

In addition, we find this issue unpreserved because Rivers never raised the issue at trial for the trial court to make a final ruling. *See State v. Atieh*, 397 S.C. 641, 646, 725 S.E.2d 730, 733 (Ct.App.2012) ("A ruling in limine is not final; unless an objection is made at the time the evidence is offered and a final ruling procured, the issue is not preserved for review."). The State presented evidence of the victim's other injuries through the testimony of Dr. Janice Ross, a forensic pathologist who performed the victim's autopsy. Dr. Ross described several rib fractures found on the victim's body that were in the process of healing at the time of the victim's death. Dr. Ross explained the rib fractures revealed "no significant recent bleeding" and opined that some of the fractures were probably "at least seven to fourteen days old." Although Rivers objected during portions of Dr. Ross's testimony, argu-

ing her testimony was speculative and cumulative, Rivers did not raise his current argument on appeal that there was no evidence connecting him to these prior injuries. *See Dunbar*, 356 S.C. at 142, 587 S.E.2d at 694 ("A party may not argue one ground at trial and an alternate ground on appeal."). Rivers likewise did not object on this ground during the testimony of paramedic Ron Martin and forensic pathologist Dr. Clay Nichols, who both testified regarding the victim's other injuries. Consequently, the trial court never ruled on whether evidence of the victim's other injuries was inadmissible because there was no evidence connecting Rivers to these injuries.

■ We further find no exception exists that would have relieved Rivers of his requirement to obtain a final ruling when the evidence was offered at trial. *See Atieh*, 397 S.C. at 646–47, 725 S.E.2d at 733 ("A ruling in limine is not final; unless an objection is made at the time the evidence is offered and a final ruling procured, the issue is not preserved for review."); *id.* at 646–47, 725 S.E.2d at 733 (noting exceptions to this rule include (1) "when the motion in limine is made immediately prior to the introduction of the evidence in question" and (2) when the "trial court clearly indicates its ruling is final"). Following the pre-trial hearing, the State presented multiple witnesses before Dr. Ross first testified about the victim's other injuries; therefore, evidence of the other injuries did not immediately follow River's pre-trial motion to exclude the evidence. Likewise, even assuming the trial court ruled on this issue pre-trial, the trial court's cursory remark that Rivers "[was] protected on the record on that" was not a clear indication that its ruling on the admissibility of this evidence was final. Accordingly, because the trial court did not rule on whether there was evidence connecting Rivers to the victim's other injuries, we find the issue is unpreserved.[2]

---

2. During oral argument, the State admitted its strongest argument was the issue presented is unpreserved. We remind the bar that our appellate courts have "consistently refused to apply the plain error rule" and "it is the responsibility of counsel to preserve issues for appellate review." *State v. Passmore*, 363 S.C. 568, 583, 611 S.E.2d 273, 281 (Ct.App.2005); *see also Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 24, 602 S.E.2d 772, 780 (2004).

556

## CONCLUSION

We hold the issue presented on appeal is unpreserved because it was not raised to and ruled upon by the trial court. Accordingly, the trial court is

**AFFIRMED.**

FEW, C.J., and THOMAS, J., concur.