**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Community Bank, Respondent,

v.

Carolina Procurement Institute Inc., Gary A. Washington, Michele A. Washington, First Palmetto Savings Bank, F.S.B., Branch Banking and Trust Company of South Carolina, Palmetto Health Alliance, and State of South Carolina Department of Revenue, Defendants,

of Whom Gary A. Washington and Michele A. Washington are Appellants.

Appellate Case No. 2016-001468

———

Appeal From Richland County
Joseph M. Strickland, Master-in-Equity

———

Unpublished Opinion No. 2018-UP-183
Submitted March 1, 2018 – Filed May 2, 2018

———

**AFFIRMED**

———

William Levern Pyatt, of Pyatt Law Firm, LLC, of Columbia, for Appellants.

Charles Joseph Webb and Carmen Vaughn Ganjehsani, both of Richardson Plowden & Robinson, PA, of Columbia, for Respondent.

---

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to issue 1: *Lollis v. Dutton*, 421 S.C. 467, 487, 807 S.E.2d 723, 733 (Ct. App. 2017) ("[F]indings of fact and conclusions of law are generally not required for decisions on motions.").

2.  As to issue 2: *Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 23, 602 S.E.2d 772, 779-80 (2004) ("Issues and arguments are preserved for appellate review only when they are raised to and ruled on by the [Master-in-Equity]."); Rule 71(b), SCRCP ("The judgment shall direct that the mortgaged premises (or part thereof as required to satisfy the claims established) be sold by or under direction of the master or, in counties where there is no master, other appropriate court officer. The judgment shall also contain a good and sufficient legal description of the property being sold, a provision for the necessary legal advertisement, the time and location of the sale, and notice of any senior liens, taxes, or other rights to which the property to be sold is subject. The judgment shall also specify the amount of good faith deposit necessary at the time of the sale, and the date that compliance must be made with the bid."); S.C. Code Ann. § 15-39-660 (2005) ("The sheriff shall specify in the advertisement the property to be sold, the time and place of sale, the name of the owner of the property and the party at whose suit the sale is to be made and shall publish the advertisement at three public places in the county, one of which shall be at the courthouse door, and publication shall also be made in some gazette, as provided in [section] 15-39-650, before the day of sale, if the sale is to be made in a county in which a newspaper may be printed.").

3.  As to issue 3: *Peoples Fed. Sav. & Loan Ass'n v. Graham*, 291 S.C. 178, 182, 352 S.E.2d 511, 514 (Ct. App. 1987) ("There is no requirement of law that parties to a suit for foreclosure be given personal notice of a judicial sale.").

**AFFIRMED.**[1]

**SHORT, THOMAS, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.