**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Raymond A. Wedlake, as a Member of Woodington Homeowners' Association, Inc., Appellant,

v.

Christopher Edwards, Charles Koshis, Denis Esteve, Michael Keels and William Craigo in their capacity as Board of Directors of Woodington Homeowners' Association, Inc., Respondents.

Appellate Case No. 2020-000438

Appeal From Greenville County
Robin B. Stilwell, Circuit Court Judge

Unpublished Opinion No. 2022-UP-248
Submitted May 12, 2022 – Filed June 8, 2022

**AFFIRMED**

Raymond A. Wedlake, of Greenville, pro se.

Emily Kate O'Brian, of Campbell Teague LLC, of Greenville, for Respondents.

**PER CURIAM:** Raymond A. Wedlake appeals the circuit court's order granting summary judgment to Respondents and the circuit court's subsequent denial of his

Rule 59(e), SCRCP, motion. On appeal, Wedlake argues six issues related to the merits of the summary judgment order.

On October 28, 2019, following a hearing, the circuit court orally granted Respondents' motion for summary judgment. On November 18, 2019, Wedlake filed a motion for a new hearing. We hold the circuit court effectively ruled on Wedlake's motion for a new hearing by the issuance of its subsequent written order granting Respondents' motion for summary judgment on November 25, 2019. This is further supported by (1) Wedlake's acknowledgment in his appellate brief that the circuit court's law clerk was aware of his motion for a new hearing prior to the court's issuance of its written motion and (2) the circuit court's clarification in a subsequent order: "[T]o the extent that any party may contend that [Wedlake's] Motion for a New Hearing filed November 18, 2019, is still pending, the same is denied." Further, the circuit court properly found Wedlake had not timely filed his subsequent Rule 59(e) motion after the issuance of the court's written order. Based on the foregoing, we hold there is no further issue properly before this court and affirm pursuant to Rule 220(b), SCACR, and the following authorities: Rule 59(e) ("A motion to alter or amend the judgment shall be served not later than 10 days after receipt of written notice of the entry of the order."); *Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 15, 602 S.E.2d 772, 775 (2004) ("A timely post-trial motion, including a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP, stays the time for an appeal for all parties until receipt of written notice of entry of the order granting or denying such motion.").

**AFFIRMED.**[1]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.