**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Robert Tyrell Gentry, Appellant.

Appellate Case No. 2021-000692

---

Appeal From Spartanburg County
J. Derham Cole, Sr., Circuit Court Judge

---

Unpublished Opinion No. 2025-UP-016
Heard October 9, 2024 – Filed January 15, 2025

---

**AFFIRMED**

---

Clarence Rauch Wise, of Greenwood, for Appellant.

Attorney General Alan McCrory Wilson, Senior Assistant Deputy Attorney General Melody Jane Brown, and Assistant Attorney General Joshua Abraham Edwards, all of Columbia; and Solicitor Barry Joe Barnette, of Spartanburg, all for Respondent.

---

**PER CURIAM:** Robert Tyrell Gentry appeals his convictions for accessory before the fact to the crime of murder and accessory after the fact to the

commission of a felony. Gentry argues the trial court erred in denying his motions for directed verdict. We affirm.

1. We hold the trial court properly denied Gentry's motion for a directed verdict on the accessory before the fact charge because, when viewing the evidence in the light most favorable to the State, there is substantial circumstantial evidence demonstrating that Gentry aided the principal in the commission of murder. *See Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 27-28, 602 S.E.2d 772, 782 (2004) ("When reviewing the denial of a motion for [a] directed verdict . . . , an appellate court must employ the same standard as the trial court by viewing the evidence and all reasonable inferences in the light most favorable to the nonmoving party."); *State v. Lollis*, 343 S.C. 580, 583, 541 S.E.2d 254, 256 (2001) (explaining this court must view the evidence in the light most favorable to the State when reviewing the denial of a motion for a directed verdict); *State v. Bailey*, 368 S.C. 39, 44-45, 626 S.E.2d 898, 901 (Ct. App. 2006) ("When ruling on a motion for a directed verdict, the trial court is concerned with the existence of evidence, not its weight."); *State v. Bennett*, 415 S.C. 232, 237, 781 S.E.2d 352, 354 (2016) ("Accordingly, in ruling on a directed verdict motion where the State relies on circumstantial evidence, the court must determine whether the evidence presented is sufficient to allow a reasonable juror to find the defendant guilty beyond a reasonable doubt."); S.C. Code Ann. § 16-1-40 (2015) ("A person who aids in the commission of a felony or is an accessory before the fact in the commission of a felony by counseling, hiring, or otherwise procuring the felony to be committed is guilty of a felony and, upon conviction, must be punished in the manner prescribed for the punishment of the principal felon."). The State presented evidence showing the principal communicated with Gentry through phone calls and messages throughout the day of the murder, and Gentry subsequently deleted most of those phone calls and messages. Notably, shortly before the murder, Gentry texted the principal asking him to contact him "when [he was] dun." Gentry's phone and the principal's phone used the same cell tower hours before the murder, and the principal called him twice later that night. Additionally, the State presented a witness who saw Gentry and the principal together mere hours before the murder occurred. A bullet and shell casing found at the crime scene were the same caliber and were made by same manufacturer as ammunition found in Gentry's car. Further, the forensic firearms examiner opined the markings on the bullet indicated it could only have been fired from a .40 caliber Smith & Wesson, the same type of gun Gentry owned.

In addition to his meeting with the principal shortly before the murder, the phone calls, texts, and Gentry's own internet searches provided additional circumstantial evidence supporting the circuit court's denial of a directed verdict on the accessory

before the fact charge.  Investigator William Reece of the Spartanburg Police Department explained that on May 10—after notifying the principal he was headed to work—Gentry searched the internet for guns, gun accessories, and "Cheaper Than Dirt," a website for purchasing weapons.  That same morning, the principal sent a message to Gentry asking if he could come talk to him at work.  The principal then attempted to call Gentry.  Gentry later conducted additional internet searches, including searches for guns for sale, "only 11 states require gun owners to report stolen weapons to police," and "my pistol was stolen."  That afternoon, the principal sent additional messages to Gentry stating, "Do it today fam!  Happen two days ago," and Gentry responded, "Ight."  Following that message, Gentry searched for "Report firearm. theft or loss. Alcohol, tobacco, firearms and explosives."[1]  The various communications—and the internet searches that followed—lend further support to the State's theory that Gentry aided the principal by knowingly providing him with the gun used in the murder and subsequently sought to attenuate his connection to the weapon he previously provided.

2.  We hold the trial court properly denied Gentry's motion for a directed verdict on the accessory after the fact charge because, when viewing the evidence in the light most favorable to the State, there is substantial circumstantial evidence demonstrating Gentry assisted the principal with disposing of the murder weapon and covering up the crime.  *See Elam*, 361 S.C. at 27-28, 602 S.E.2d at 782 ("When reviewing the denial of a motion for [a] directed verdict . . . , an appellate court must employ the same standard as the trial court by viewing the evidence and all reasonable inferences in the light most favorable to the nonmoving party."); *Lollis*, 343 S.C. at 583, 541 S.E.2d at 256 (explaining this court must view the evidence in the light most favorable to the State when reviewing the denial of a motion for a directed verdict); *Bailey*, 368 S.C. at 44-45, 626 S.E.2d at 901 ("When ruling on a motion for a directed verdict, the trial court is concerned with the existence of evidence, not its weight."); *Bennett*, 415 S.C. at 237, 781 S.E.2d at 354 ("Accordingly, in ruling on a directed verdict motion where the State relies on circumstantial evidence, the court must determine whether the evidence presented is sufficient to allow a reasonable juror to find the defendant guilty beyond a reasonable doubt.").  On the night of the murder, Gentry told the principal to contact him once he was done.  Cell phone records established that the principal called Gentry twice later that night.  The day after the murder, the principal asked Gentry where he worked and stated he needed to tell Gentry something.  Additionally, the day after the murder, Gentry researched how to report a lost or

---

[1] A former coworker also testified Gentry asked him "how to go about reporting a gun stolen" on or about May 10, 2018.

stolen firearm after receiving a text message from the principal demanding that he act immediately and referring to something that happened two days ago. Further, police never found Gentry's gun. Finally, on the day the victim's body was found, Gentry searched for "death investigation in Duncan Park," "woman's body found in Duncan Park Lake," and "located body . . . was pregnant woman." *See State v. Blakely*, 402 S.C. 650, 656, 742 S.E.2d 29, 32 (Ct. App. 2013) ("Before an accused may be found guilty of being an accessory after the fact to a felony, the following elements must exist: (1) the felony has been completed; (2) the accused must have knowledge that the principal committed the felony; and (3) the accused must harbor or assist the principal felon."); *State v. Frazier*, 386 S.C. 526, 532, 689 S.E.2d 610, 613 (2010) (upholding the trial court's denial of the defendant's motion for a direct verdict based on circumstantial evidence).

**AFFIRMED.**

**WILLIAMS, C.J., and MCDONALD, and TURNER, JJ., concur.**