THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 South Carolina
 Department of Corrections, Respondent,
 v.
 Isiah James,
 Jr., Appellant.
 
 
 

Appeal From Jasper County
James C. Williams, Jr., Circuit Court
 Judge
Unpublished Opinion No. 2010-UP-251
Submitted April 1, 2010  Filed April 26,
 2010   
REVERSED IN PART, AFFIRMED IN PART, 
AND VACATED IN PART

 
 
 
 Isiah James, Jr., pro se, for Appellant.
 Lake Eric Summers, of Columbia, for
 Respondent.
 
 
 

PER CURIAM: Isiah
 James, Jr., appeals the circuit court's order in this administrative grievance
 action.  
James filed Step 1 and Step 2 grievances in accordance with the South
 Carolina Department of Corrections' (the Department) Inmate Grievance System
 Policy, alleging he was paid less than the prevailing wage while employed by
 Kwalu in the Prison Industries System.  James further argued the Department
 improperly deducted funds from his pay for room and board and victim
 assistance.  After the Department denied his grievances, James appealed
 to the Administrative Law Court (ALC).  
By
 order filed March 6, 2006 (Final Order), the ALC affirmed the Department as to
 the deductions for room and board and victim assistance.    The
 ALC determined, however, James was entitled to the prevailing wage of $5.25 per
 hour and ordered the Department to pay James within thirty days the difference
 between the wages owed and the wages previously paid. 
On March 24, 2006, the ALC issued an "Order of
 Clarification."  The Order of Clarification referenced nine inmate
 appeals, including James's appeal.  It stated the ALC received a letter[1] from the Department dated March 14,
 2006, requesting clarification of compliance deadlines set forth in the Final
 Order and other ALC orders concerning the nine inmate appeals.  The Order of
 Clarification added:  "To avoid any further confusion, and to give the
 Department adequate time to complete its work, it is hereby ORDERED that the
 relief ordered in each case shall be completed by April 24th,
 2006, thirty days from the file date of this order." (emphasis in
 original) 
Both
 James and the Department appealed to the circuit court.  James appealed on
 March 28, 2006.  The Department filed its notice of appeal on April 20, 2006,
 appealing all nine ALC orders referenced in the Order of Clarification.  James
 moved to dismiss the Department's appeal as untimely, arguing the Department
 failed to file and serve its notice of appeal within thirty days from service
 of the Final Order.  
The circuit court granted the Department's appeal and denied
 James's appeal and motion to dismiss, holding the Department "timely filed
 its appeal in accordance with the orders issued by the ALC in this matter and
 in conformity to the ALC's Rules of Procedure."  The circuit court
 affirmed the ALC as to deductions for room and board and victim assistance. 
 However, with James's consent and agreement, the court remanded the prevailing
 wage issue to the ALC.  In addition, upon the Department's request, the circuit
 court reversed the ALC's "apparent ruling James worked for Kwalu or was
 ever an employee of Kwalu."  James appealed.
James argues the circuit court erred in: (1) denying his motion to
 dismiss and finding the Department timely filed its notice of appeal from the ALC's
 final order, and (2) affirming the ALC's holding that the Department properly
 deducted funds from James's inmate pay for room and board and victim assistance
 programs.  We reverse in part, affirm in part, and vacate in part.[2]
1.  We
 reverse the circuit court's denial of James's motion to dismiss the
 Department's appeal to the circuit court because the Department did not timely
 file its notice of appeal.  See S.C. Code Ann. § 1-23-610 (Supp. 2009) (providing an appeal from a final decision
 of the ALC must be filed with the court of appeals and served on the opposing
 party not more than thirty days after the party receives the final decision); Elam
 v. S.C. Dep't of Transp., 361 S.C. 9, 17, 602 S.E.2d 772, 776 (2004)
 (holding timeliness of an appeal is a jurisdictional matter).  The Department's
 letter requesting clarification of the ALC's final order did not toll the
 Department's time period for filing and serving its appeal.  Initially, we note
 the letter was not a motion, and it did not appear in our record on appeal. 
 More importantly, the Department did not ask the ALC to alter, amend, modify,
 or even clarify the judgment; rather, the Department asked the ALC to clarify
 the deadline by which the Department had to pay the judgment.  Because we hold
 the circuit court was without jurisdiction to entertain the Department's
 appeal, we vacate all portions of the circuit court order that address issues
 raised only by the Department.  Specifically, we vacate the circuit court's
 reversal of the ALC's "apparent ruling" that James worked for Kwalu. 
 We address issues raised in James's timely appeal to the circuit court below.   

2.  We affirm the ALC's holding that the Department properly deducted
 funds from James's inmate pay for room and board and victim assistance
 programs.  
"The
 General Assembly shall establish institutions for the confinement of all
 persons convicted of such crimes as may be designated by law, and shall provide
 for the custody, maintenance, health, welfare, education, and rehabilitation of
 the inmates."  S.C. Const. art. XII, § 2.  Section 24-1-130 of
 the South Carolina Code of Laws (Supp. 2009) vests the Director of the
 Department with "the management of the affairs of the prison system and
 for the proper care, treatment, feeding, clothing, and management of the
 prisoners confined therein."
Section
 24-3-40(A) of the South Carolina Code of Laws (Supp. 2009) permits the
 Department to deduct money from "the gross wages of [a] prisoner"
 authorized to work in a prison industries program.  Sections 24-3-40(A)(1) and
 (2) require a deduction of 20% of a prisoner's gross prison industries wages to
 be directed to fulfill the prisoner's court ordered restitution, or if the
 prisoner has no court ordered restitution obligation, to be applied to "the
 State Office of Victim Assistance."  Section 24-3-40(A)(3) provides: "If
 there are no child support obligations, then twenty-five percent must be used
 by the Department of Corrections to defray the cost of the prisoner's room and
 board."
James's
 argument that the deductions violate South Carolina constitutional and
 statutory law is without merit.  There is no conflict between  article XII, section 2, of the South Carolina
 Constitution and section 24-3-40 (A) of
 the South Carolina Code of Laws.  The
 language set forth in article XII, section 2, requiring that prisons
 "provide for" prisoners' custody has no specific application to
 prison industries wage deductions and does not mandate that the Department incur
 all costs of incarceration.  See Brown v. S.C. Dep't of Health &
 Envtl. Control, 348 S.C. 507, 515, 560 S.E.2d 410, 414 (2002) ("An
 appellate court cannot construe a statute without regard to its plain meaning
 and may not resort to a forced interpretation in an attempt to expand or limit
 the scope of a statute.").  Further, our supreme court has held article
 XII, section 2, should be interpreted broadly.  See Sullivan v. S.C.
 Dep't of Corr., 355 S.C. 437, 444, 586 S.E.2d 124, 127 (2003) (holding even
 if article XII, section 2, is read to require some rehabilitation for inmates,
 it does not mandate any specific programs or any particular timetable for
 furnishing rehabilitation). 
Further,
 there is no conflict between section 24-1-130
 and section 24-3-40(A).  Although section 24-1-130 charges the Department's
 director with caring for and feeding prisoners, the section does not require
 the Department to assume all costs associated with the prisoners' welfare.
James
 does not assert any authority for his argument that the deductions are
 discriminatory or that they violate his due process rights. See In re
 McCracken, 346 S.C. 87, 92, 551 S.E.2d 235, 238 (2001) (holding an issue is
 abandoned on appeal if the argument is not supported by authority or is conclusory). 
 Likewise, James fails to prove he was double-charged for room and board. 
 Although James references an earnings and deductions statement, the record does not indicate the cost the Department
 expended for James's housing or the total amount James claims was deducted from
 his wages to pay for room and housing.  See State v.
 Mitchell, 330 S.C. 189, 199, 498
 S.E.2d 642, 647 (1998) (holding the appellant has the burden of presenting a
 sufficient record for our review).
James's
 argument that his pay was deducted without a hearing is without merit.  James
 has been afforded hearings pursuant to the grievance system, and he appealed to
 the ALC, the circuit court, and now this court.   Nothing further is required
 by law or due process.  See Al-Shabazz v. State, 338 S.C. 354, 376-82,
 527 S.E.2d 742, 754-57 (2000) (setting forth an inmate's procedural rights from
 grievance claims).
Finally,
 James's reference to restitution is without merit because section
 24-3-40(A)(2), which mandates pay deductions for victim assistance, is distinct
 from restitution.
REVERSED IN PART, AFFIRMED IN PART, AND VACATED IN PART.
SHORT, WILLIAMS, and LOCKEMY, JJ., concur.

[1] This letter does not appear in our record on appeal.
[2] We decide this case without oral argument pursuant to
 Rule 215, SCACR.