**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Debra Lynn B. Peele, as Personal Representative of the Estate of Iola Aileen Bagwell, Respondent,

v.

Greenville Retirement Properties, LLC d/b/a Pendleton Manor Assisted Living; Reatha Connelly; Regency Hospice of Georgia, LLC, d/b/a Regency Southerncare, Defendants,

Of which Greenville Retirement Properties, LLC d/b/a Pendleton Manor Assisted Living and Reatha Connelly are the Appellants.

Appellate Case No. 2021-000766

Appeal From Greenville County
R. Scott Sprouse, Circuit Court Judge

Unpublished Opinion No. 2023-UP-106
Submitted February 1, 2023 – Filed March 15, 2023

**AFFIRMED**

Robert Gerald Chambers, Jr., Carmelo Barone Sammataro, and Virginia Patterson Bozeman, all of Turner Padget Graham & Laney, PA, of Columbia, for Appellants.

W. Andrew Arnold, of Horton Law Firm, P.A., of Greenville, for Respondent.

---

**PER CURIAM:**  Greenville Retirement Properties, LLC d/b/a Pendleton Manor Assisted Living and Reatha Connelly (collectively, Pendleton) appeal a circuit court order denying their motion to compel arbitration and stay the proceedings in a lawsuit filed by Debra Peele, as personal representative of the estate of Iola Aileen Bagwell, for negligence, gross negligence, wrongful death, and breach of contract concerning Bagwell's death.  On appeal, Pendleton argues (1) the lease agreement between it and Bagwell involved interstate commerce, (2) the circuit court erred by concluding the designation of the National Arbitration Forum (NAF) as the arbitral forum was a material term of the arbitration agreement, (3) Bagwell's grant of power of attorney to Cynthia Bagwell gave Cynthia legal authority to execute the arbitration agreement on Bagwell's behalf, and (4) the arbitration agreement encompassed Peele's claims.  We affirm.

We hold the circuit court correctly concluded the provision of the arbitration agreement designating the NAF as the sole arbitral forum was material and integral to the arbitration agreement.  *See Dean v. Heritage Healthcare of Ridgeway, LLC,* 408 S.C. 371, 379, 759 S.E.2d 727, 731 (2014) ("Arbitrability determinations are subject to *de novo* review."); *id.* at 384, 759 S.E.2d at 734 ("[W]hen parties [to an arbitration agreement] elect for a proceeding 'administered by' a named forum, that forum should be viewed as integral to the arbitration agreement, absent other evidence to the contrary."); *Grant v. Magnolia Manor-Greenwood, Inc.*, 383 S.C. 125, 131, 678 S.E.2d 435, 438-39 (2009) ("[T]he specific designation of [a named arbitral forum] as arbitrator is an integral term of [an] arbitration agreement.").

We also hold Pendleton's argument that the provision at issue was severable is not preserved for appellate review because the circuit court did not rule on this argument and Pendleton did not file a motion under Rule 59(e) of the South Carolina Rules of Civil Procedure requesting a ruling.  *See Berry v. Spang*, 433 S.C. 1, 10, 855 S.E.2d 309, 314 (Ct. App. 2021) ("Issues and arguments are preserved for appellate review only when they are raised to and ruled on by the [circuit] court." (quoting *Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 23, 602 S.E.2d 772, 779-80 (2004))); *id.* (noting that a party must file a Rule 59(e) motion when "an issue or argument has been raised, but not ruled on, in order to preserve it for appellate review" (quoting *Elam*, 361 S.C. at 24, 602 S.E.2d at 780)).  Thus, we

hold the circuit court correctly denied Pendleton's motion to compel arbitration and stay the proceedings.

Additionally, we decline to decide whether the lease agreement involved interstate commerce, whether Cynthia had authority to execute the arbitration agreement on Bagwell's behalf, and whether the arbitration agreement encompassed Peele's claims because our determination that designation of the NAF as the arbitral forum was material to the arbitration agreement is dispositive. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding when the disposition of a prior issue is dispositive, an appellate court need not address remaining issues).

**AFFIRMED.**[1]

**WILLIAMS, C.J., GEATHERS, J., and HILL, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.