**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jason Snow, Appellant,

v.

William Alexander, Respondent.

Appellate Case No. 2022-001761

───────────────

Appeal From Greenville County
Perry H. Gravely, Circuit Court Judge

───────────────

Unpublished Opinion No. 2025-UP-164
Submitted April 1, 2025 – Filed May 14, 2025

───────────────

**AFFIRMED**

───────────────

Ralph Gleaton, of Gleaton Law Firm, PC, of Greenville,
for Appellant.

David R. Harrison, of Pickens, for Respondent.

───────────────

**PER CURIAM:** Jason Snow appeals the circuit court's grant of a judgment notwithstanding the verdict (JNOV) to William Alexander. On appeal, Snow argues the circuit court erred in finding there was insufficient evidence to support the jury's award of lost profits when evidence supported the amount with "reasonable certainty or inference" such that expert testimony was not required to prove lost profits. We affirm pursuant to Rule 220(b), SCACR.

Viewing the evidence in the light most favorable to Snow, we hold the circuit court did not err in granting JNOV to Alexander because there was evidence to support that Snow failed to establish a reasonably certain calculation of lost profits. *See Elam v. S.C. Dep't of Transp.,* 361 S.C. 9, 27-28, 602 S.E.2d 772, 782 (2004) ("When reviewing the denial of a motion for directed verdict or JNOV, an appellate court must . . . view[] the evidence and all reasonable inferences in the light most favorable to the nonmoving party. The appellate court will reverse the [circuit] court only where there is no evidence to support the [circuit court's ruling]." (citation omitted)); *Jamison v. Hilton*, 413 S.C. 133, 139, 775 S.E.2d 58, 61 (Ct. App. 2015) (stating a grant of JNOV is unwarranted when "the evidence yields more than one reasonable inference or its inference is in doubt"); *Gastineau v. Murphy*, 331 S.C. 565, 568, 503 S.E.2d 712, 713 (1998) ("A motion for JNOV may be granted only if no reasonable jury could have reached the challenged verdict.").

Snow sought past and future lost profits due to breach of an August 2019 contract for the sale of a restaurant. At trial, he presented evidence of lost profits in the form of a cash register receipt reflecting the restaurant's gross annual income in 2018, a 2018 tax return for the restaurant, and six cash register receipts reflecting the restaurant's gross monthly income in January through July of 2019. Snow asserted that the jury could calculate lost profits based on these documents by first determining the restaurant's annual net profit, and then multiplying that figure by either the seven years Snow had speculated he would lease the restaurant building, or the three years that had passed since the breach of contract. In its written order granting JNOV, the circuit court identified omissions in Snow's evidence of damages that precluded a reasonably certain calculation of lost profits, including that the jury heard no method for determining net profits; no evidence of what income, expenses, or profit Snow could expect with reasonable certainty given numerous potential COVID-19-related disruptions; no evidence to support that the restaurant's year-to-year income or expenses would be similar; and only an arbitrary duration of time over which to calculate lost profits. Because the evidence presented in support of lost profits was limited in scope, we hold the evidence was insufficient to support a reasonably certain calculation of lost profits. *See Drews Co. v. Ledwith-Wolfe Assocs.*, 296 S.C. 207, 213, 371 S.E.2d 532, 535-36 (1988) (stating in order to recover lost profits from a breach of contract, a party must establish (1) the lost profits naturally resulted from the breach; (2) at the time of contract formation, the parties reasonably contemplated the lost profits as a probable consequence of the breach; and (3) "crucial[ly]. . . 'reasonable certainty'" in calculations of lost profits (quoting *S.C. Fin. Corp. v. W. Side Fin. Co.,* 236 S.C.

109, 122, 113 S.E.2d 329, 336 (1960))); *Moore v. Moore*, 360 S.C. 241, 255-56, 599 S.E.2d 467, 474-75 (Ct. App. 2004) (stating the amount of an award for lost profits must be determined with "reasonable certainty"; in turn, reasonable certainty "is sufficient if there is a certain standard or fixed method by which [lost] profits . . . may be estimated and determined with a fair degree of accuracy." (quoting *Beck v. Clarkson*, 300 S.C. 293, 298-99, 387 S.E.2d 681, 684 (Ct. App. 1989))); *S.C. Fin. Corp.,* 236 S.C. at 122, 113 S.E.2d at 336 ("[R]ecovery cannot be had for profits that are conjectural or speculative."); *see also Restatement (Second) of Contracts* § 352 (Am. L. Inst. 1981) (stating lost profits may be proven with reasonable certainty via "expert testimony, economic and financial data, market surveys and analyses, business records of similar enterprises, and the like"); *Drews Co.*, 296 S.C. at 214, 371 S.E.2d at 536 (finding a party's "expectations" that "at least a third" of eleven months' gross profit would constitute net profit were "wholly insufficient to provide the jury with a basis for calculating profits lost with reasonable certainty" absent "any particular standard or fixed method for establishing net profits"); *cf. S.C. Fed. Sav. Bank v. Thornton-Crosby Dev. Co.*, 310 S.C. 232, 233-33, 235-36, 423 S.E.2d 114, 115-16 (1992) (finding a condominium developer established lost profits with reasonable certainty when (1) within four months of contract formation, one-half of the units in the development were pre-sold; (2) evidence included testimony that all units in the development would have been sold within fourteen months of contract formation if not for the builder's breach; and (3) the master-in-equity had reviewed the "expenses, pre-sold sales, and anticipated sales").

**AFFIRMED.**[1]

**THOMAS, HEWITT, and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.