**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

In the Matter of: Estate of Florence Petrak Mensch.

Sterling Raymond Mensch III, individually, as former Personal Representative of the Estate of Florence Petrak Mensch and in the former capacity as Agent under a Power of Attorney for Florence Petrak Mensch, Petitioner,

v.

Shauna M. Waddell, individually and as Personal Representative of the Estate of Florence Petrak Mensch, and John R. Mensch, Respondent.

Appellate Case No. 2025-000386

---

**ON WRIT OF CERTIORARI TO THE COURT OF APPEALS**

---

Appeal from Greenville County
Alex Kinlaw Jr., Circuit Court Judge

---

Memorandum Opinion No. 2025-MO-037
Submitted May 2, 2025 – Filed July 2, 2025

---

**REVERSED AND REMANDED**

---

Kimberly Truluck Thomason, Devon Marc Puriefoy, and Howard Walton Anderson III, all of Truluck Thomason, LLC, Greenville, for Petitioner.

Knox L. Haynsworth III and Tyler Earl McLeod, both of Brown Massey Evans McLeod & Haynsworth, LLC, Greenville, for Respondent.

––––––––––

**PER CURIAM:**  Petitioner Sterling Raymond Mensch III (Mensch) seeks a writ of certiorari to review the court of appeals' decision in *Mensch v. Waddell* (*In re Estate of Mensch*), Op. No. 2024-UP-384 (S.C. Ct. App. filed Nov. 13, 2024).  We grant Mensch's petition for a writ of certiorari only as to whether the appeal to circuit court was timely, dispense with briefing, reverse the court of appeals on that issue, and remand to the circuit court.

Respondent Shauna M. Waddell, individually and as personal representative of the estate of Florence Petrak Mensch, commenced this action in probate court.  Waddell alleged Mensch improperly managed the assets of their mother, Florence Mensch, both before and after her death.  In an order filed January 26, 2022, the probate court awarded $984,763 in damages against Mensch to the estate for breach of fiduciary duty, violation of the Uniform Power of Attorney Act, and conversion.

On February 2, 2022, Mensch made a motion to alter or amend the probate court's judgment under Rule 59(e), SCRCP.  On February 17, the probate court denied Mensch's motion on the basis it did not comply with Rule 7(b)(1), SCRCP, which provides, "An application to the court for an order . . . shall state with particularity the grounds therefor, and shall set forth the relief or order sought."  About a month after the initial order, but within ten days after receipt of the order denying Mensch's Rule 59(e) motion, he appealed to the circuit court.

The circuit court dismissed the appeal as untimely because the Rule 59(e) motion was defective under Rule 7(b)(1) and, thus, did not stay the deadline to appeal.  *See* S.C. Code Ann. § 62-1-308(a) (2022) (stating the notice of intent to appeal a probate court order must be filed within ten days); Rule 59(f), SCRCP (providing "[t]he time for appeal for all parties shall be stayed by a timely motion under this Rule").

The court of appeals affirmed the dismissal, holding the motion did not stay the time to appeal because it violated Rule 7(b)(1).  *See In re Estate of Mensch*, Op. No. 2024-UP-384, at 2 ("The lack of specificity in the motion and the absence of other written or oral argument of counsel did not allow the probate court to 'deal with the motion fairly.'  Because the motion was properly [denied], it failed to stay the time to

appeal.").

We reverse the court of appeals.  Although the Rule 59(e) motion was procedurally improper under Rule 7(b)(1), a Rule 59(e) motion is timely when it is "served on the opposing parties not later than ten days from the date of receipt of written notice of the entry of the order the merits of which the motion purports to address."  *Swing v. Swing*, 445 S.C. 340, 351, 914 S.E.2d 158, 164 (2025).  Thus, even a procedurally improper motion stays the time for the notice of appeal if it is served within ten days, unless the situation fits one of two limited exceptions.  *See Swing*, 445 S.C. at 347, 914 S.E.2d at 162 ("As we explained in *Elam* [*v. S.C. Dep't of Transp.*, 361 S.C. 9, 16, 602 S.E.2d 772, 776 (2004)], the decisions of this Court and our court of appeals . . . recognized two limited situations in which a Rule 59(e) motion filed within ten days of receipt of the order the motion purports to address—a timely motion—nevertheless fails to stay the Rule 203(b)(1) deadline.").  As we specifically noted in *Swing*, Rule 59(e) motions that are procedurally improper under Rule 7(b)(1) are not among the exceptions.  445 S.C. at 352, 914 S.E.2d at 164-65.  Thus, regardless of whether the Rule 59(e) motion was defective under Rule 7(b)(1), it tolled the time to appeal, and the court of appeals erred in affirming the circuit court's ruling that the appeal was untimely.

We reverse the court of appeals, hold Mensch's appeal was timely, and remand to the circuit court for consideration of the merits of the appeal.

**REVERSED AND REMANDED.**

**KITTREDGE, C.J., FEW, JAMES, HILL and VERDIN, JJ., concur.**