**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

David S. Casmas, Respondent,

v.

Miranda J. Kleiman, Appellant.

Appellate Case No. 2024-000364

———————

Appeal From Dorchester County
Mandy Wilkerson Kimmons, Family Court Judge

———————

Unpublished Opinion No. 2026-UP-230
Submitted April 1, 2026 – Filed May 13, 2026

———————

**AFFIRMED**

———————

William Sylvester Hammett, III, of Cobb, Dill & Hammett, LLC, of Mount. Pleasant, for Appellant.

Thomas Ryan Phillips, of Cordell Law LLP, of Charleston, for Respondent.

Eric Salisbury Durand, of Eric S. Durand, Esq., LLC, of North Charleston, as the Guardian ad Litem.

———————

**PER CURIAM:** Miranda Kleiman (Mother) appeals the family court's denial of an award of attorney's fees and costs. On appeal, Mother argues the family court

erred in (1) not awarding her attorney's fees and costs on the basis it believed Mother was better able to pay her fees than David Casmas (Father) and temporary beneficial results were precedential; (2) not awarding attorney's fees and costs on the basis it failed to recognize that Father owed an independent duty to correct fraud and deceit perpetrated in his name; (3) not awarding Mother attorney's fees and costs where Father's failure to cooperate in litigation unreasonably increased Mother's attorney's fees and costs; (4) conflating Father's fraud and deceit with Mother's numerosity of filings; (5) ordering Mother to reimburse Father's attorney's fees when Father had waived his right to those fees; and (6) sustaining objections to Mother's questions seeking to elicit testimony exploring the veracity of Father's claim that he had good faith reliance on the actions of his previous counsel. We affirm pursuant to Rule 220(b), SCACR.

Initially, we hold Mother failed to preserve issues five and six for appellate review. We hold Mother's argument that the family court erred in ordering her to pay Father previously awarded attorney's fees because Father waived reimbursement is not preserved for appellate review as she failed to raise it to the family court. Mother's argument that the family court erred in sustaining objections to questions attempting to explore the veracity of Father's excuse of relying on his attorney is not preserved for appellate review because Mother failed to proffer the testimony for this court to consider. *See Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 23, 602 S.E.2d 772, 779-80 (2004) ("Issues and arguments are preserved for appellate review only when they are raised to and ruled on by the [family] court."); *Jamison v. Ford Motor Co.*, 373 S.C. 248, 260, 644 S.E.2d 755, 761 (Ct. App. 2007) ("The failure to make a proffer of excluded evidence will preclude review on appeal."); *id.* ("It is well settled that a reviewing court may not consider error claimed in the exclusion of testimony unless the record on appeal shows fairly what the rejected testimony would have been.").

As to issues one through four, we hold the family court did not err in not awarding Mother attorney's fees and costs. We find Mother was in a better position to pay her own fees, paying her own fees would not have as negative an impact on her standard of living as it would on Father's, and Father obtained beneficial results throughout the case. Although Mother obtained the more significant beneficial result in the final order, Father had success at the temporary hearing, in the motions filed in the pendency of the case, and in gaining an additional week of parenting time in the final order. *See Stone v. Thompson*, 428 S.C. 79, 91, 833 S.E.2d 266, 272 (2019) ("Appellate courts review family court matters de novo, with the exceptions of evidentiary and procedural rulings."); *Greene v. Greene*, 439 S.C. 427, 439, 887 S.E.2d 157, 164 (Ct. App. 2023) ("While this broad scope

of review allows the appellate court to find facts in accordance with its own view of the preponderance of the evidence, it does not require this court to disregard the findings of the family court."); *id.* at 439-40, 887 S.E.2d at 164 ("The appellant bears the burden of convincing the appellate court that the family court committed error or the preponderance of the evidence is against the family court's findings."); *E.D.M. v. T.A.M.*, 307 S.C. 471, 476-77, 415 S.E.2d 812, 816 (1992) ("In determining whether an attorney's fee should be awarded, the following factors should be considered: (1) the party's ability to pay his/her own attorney's fee; (2) beneficial results obtained by the attorney; (3) the parties' respective financial conditions; (4) effect of the attorney's fee on each party's standard of living."); *Miteva v. Robinson*, 418 S.C. 447, 465, 792 S.E.2d 920, 930 (Ct. App. 2016) ("[T]he beneficial results factor is only one of several factors to consider in deciding whether or not to award attorney's fees."); *Spreeuw v. Barker*, 385 S.C. 45, 72, 682 S.E.2d 843, 856-57 (Ct. App. 2009) (explaining the family court did not err in awarding attorney's fees when a mother obtained beneficial results at both the temporary hearing and at trial); *Lewin v. Lewin*, 396 S.C. 349, 355-56, 721 S.E.2d 1, 4 (Ct. App. 2011) (explaining the family court did not err in finding a mother obtained beneficial results where she prevailed on several issues, including temporary suspension of the father's visitation rights, even though the mother did not receive all relief requested). Further, although Mother asserts she should be entitled to attorney's fees and costs for other reasons—Father's lack of cooperation and actions of fraud and deceit throughout the case and the increased attorney's fees those actions created for Mother—we hold Mother failed to establish conduct by Father that would result in an award of attorney's fees and costs. *See Greene*, 439 S.C. at 439-40, 887 S.E.2d at 164 ("The appellant bears the burden of convincing the appellate court that the family court committed error or the preponderance of the evidence is against the family court's findings."); *Bojilov v. Bojilov*, 425 S.C. 161, 185, 819 S.E.2d 791, 804 (Ct. App. 2018) ("When a party's uncooperative conduct in discovery and litigation increases the amount of the other party's fees and costs, the court can use this as an additional basis to award the other party attorney's fees."); *Miteva*, 418 S.C. at 466, 792 S.E.2d at 930 (explaining a husband's argument that his wife unnecessarily delayed their case by resisting discovery failed because the court found the husband did not submit any proof that the wife's actions were actual misconduct that warranted an imposition of the husband's fees against the wife).

**AFFIRMED.**[1]

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**GEATHERS, HEWITT, and CURTIS, JJ., concur.**