**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jamar Stark and Tyla McNeill, Appellants,

v.

Southern Touch Properties, Respondent.

Appellate Case No. 2023-000630

———————

Appeal From Sumter County
Kristi F. Curtis, Circuit Court Judge

———————

Unpublished Opinion No. 2026-UP-050
Submitted January 2, 2026 – Filed February 4, 2026

———————

**AFFIRMED**

———————

Jamar Stark, of Dalzell, pro se.

Tyla McNeill, of Dalzell, pro se.

Richard C. Jones, of Jones Seth & Jones, LLP, of Sumter,
for Respondent.

———————

**PER CURIAM:**  Jamar Stark and Tyla McNeill (collectively, Appellants) appeal
the circuit court's order affirming the magistrate court's ruling that Southern Touch
Properties (Respondent) could legally evict Appellants.  On appeal, Appellants
argue (1) they were within the five-day grace period in their lease because

Respondent agreed to a "payment arrangement" with Appellants and thus their payment was not late; (2) Respondent could not legally file a writ of ejectment because there was "no notice to pay or quit" and "no such language outlined in the lease"; and (3) they were unable to prove their defense because the magistrate court "did not allow evidence to be presented against the Respondent[]." We affirm pursuant to Rule 220(b), SCACR.

We hold the issues Appellants raise on appeal are not preserved for this court's review. Although Appellants raised these issues to the circuit court, they did not first raise them to the magistrate court. *See Indigo Assocs. v. Ryan Inv. Co.*, 314 S.C. 519, 523, 431 S.E.2d 271, 273 (Ct. App. 1993) ("The circuit court, acting as an appellate court in a case heard by the magistrate, cannot consider questions that have not been presented to the magistrate."); *Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 23, 602 S.E.2d 772, 779-80 (2004) ("Issues and arguments are preserved for appellate review only when they are raised to and ruled on by the lower court.").

**AFFIRMED.**[1]

**MCDONALD, HEWITT, and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.