**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Pamela Cartee, Claimant,

v.

SC Judicial Department, Employer, and State Accident Fund, Carrier,

In Re: Attorney's Fee Petition of Preston F. McDaniel, Esquire, and John M. Milling, Esquire, Appellants,

v.

South Carolina Workers' Compensation Commission, Respondent.

Appellate Case No. 2023-000187

———————

Appeal From The Workers' Compensation Commission

———————

Unpublished Opinion No. 2026-UP-225
Submitted February 20, 2026 – Filed May 13, 2026

———————

**APPEAL DISMISSED**

———————

Preston F. McDaniel, of McDaniel Law Firm, of Columbia, and John M. Milling, of Milling Law Office, LLC, of Darlington, both for Appellants.

Gregory Poole Harris, of Harris & Gasser, LLC, and
John Lafitte Warren, III, of Bill Nettles, Attorney at Law,
both of Columbia, for Respondent.

---

**PER CURIAM:**   This case involves a dispute over attorneys' fees earned by Preston F. McDaniel and John M. Milling (Appellants) while representing Pamela Cartee (Claimant) in her workers' compensation case.  We dismiss the appeal, finding the South Carolina Workers' Compensation Commission (the commission) is not a proper party to this action and the appeal was not perfected because the notice of appeal was never served on the SC Judicial Department (Employer) or the State Accident Fund (Carrier).

## I.  BACKGROUND

Claimant filed a workers' compensation claim and hired Appellants to represent her in her claim.  At the conclusion of the case, after obtaining a favorable result for Claimant, Appellants petitioned the commission for approval of their attorneys' fees.

The single commissioner disputed Appellants' calculation of attorneys' fees. Appellants appealed to the commission's Appellate Panel and simultaneously filed a declaratory judgment action against the commission in circuit court, solely on the issue of attorneys' fees.[1]  On May 30, 2018, the Appellate Panel, sitting en banc (the full commission), issued an order affirming the single commissioner (the Order).  Appellants filed a motion for rehearing on June 25, 2018, which was dismissed as untimely.  Appellants then appealed the Order to this court on July 2, 2018.  In June 2019, Appellants moved to withdraw the appeal pursuant to Rule 260(c), SCACR.  This court granted the motion, dismissed the appeal, and issued the remittitur.  On June 6, 2022, shortly before the declaratory judgment case was dismissed in circuit court, the commission refiled the Order.  Appellants filed a motion for rehearing which was denied after a hearing on September 19, 2022.

Appellants again appealed the Order to this court on February 6, 2023.  In the notice of appeal, Appellants captioned the case as "Preston F. McDaniel, Esquire, and John M. Milling, Esquire (Appellants) v. South Carolina Workers Compensation Commission (Respondent), in re: The Matter of the Fee Petition in SCWCC File No. 1307922."  Appellants omitted Claimant, Employer, and Carrier

---

[1] The declaratory judgment action was dismissed on June 29, 2022, pursuant to a Stipulation of Dismissal.

from the caption. On February 9, this court sent Appellants a letter correcting the caption to reflect the current caption and requesting Appellants file the certificate of service of the notice of appeal. Appellants filed a certificate of service showing service of the notice of appeal on the commission only. Appellants did not serve Employer or Carrier with the notice of appeal.

## II. LAW/ANALYSIS

The commission contends that they are not a proper party to this appeal because they were not a party to the proceedings below, they acted solely in a judicial capacity, and they have no legally cognizable interest in the outcome. We agree.

The commission is a statutory creation, composed of a judicial and an administrative department. S.C. Code Ann. § 42-1-90 (2015); § 42-3-10 (2015). Commissioners are vested with the responsibility to "hear and determine all contested cases, conduct informal conferences when necessary, approve settlements, hear applications for full commission reviews, and handle such other matters as may come before the department for judicial disposition." S.C. Code Ann. § 42-3-20(C) (2015). The commission has the authority to approve petitions for attorneys' fees. S.C. Code Ann. § 42-15-90(A) (2015). The Workers' Compensation Regulations provide that attorneys who disagree with the single commissioner's decision about their proposed fees may seek review of the decision by filing a motion with the commission's judicial department. S.C. Code Ann. Reg. 67-1204(E) (2012).

Appellants contend that the review of proposed attorneys' fees is not a judicial function of the commission but is rather an administrative task. While there is no bright-line rule, federal and state case law "suggest an intelligible distinction between judicial acts and the administrative, legislative, or executive functions that judges may on occasion be assigned by law to perform." *Forrester v. White*, 484 U.S. 219, 227 (1988). "In determining whether an act is judicial, the [c]ourt looks to the nature and function of the act." *Faile v. S.C. Dep't of Juv. Just.*, 350 S.C. 315, 324, 566 S.E.2d 536, 541 (2002).

In this case, Appellants filed a motion with the commission's judicial department for review of the fee award and then appealed the award to the full commission. The full commission operated as an appellate tribunal, reviewing the order and ultimately voting to affirm. The full commission then issued the Order explaining its findings and legal conclusions. We find the nature and function of the full commission's actions in this case are clearly judicial. In addition, while some states have specific statutory provisions allowing their workers' compensation

commissions to appear as a party on appeal, South Carolina has no similar statutory provision. *Compare* Wis. Stat. Ann. § 102.23 (West 2026) (providing that any party aggrieved by an order of the commission "may commence an action in circuit court for review of the order . . . and shall name as defendant[] the commission . . . ."), *with* S.C. Code Ann. § 42-17-60 (2015) (providing that "either party to the dispute" may appeal the commission's order to the court of appeals).

Appellants contend that Claimant, Employer, and Carrier do not contest Appellants' request for additional attorneys' fees and are therefore not proper parties to this appeal. We disagree. While we recognize that neither Employer nor Carrier are adverse to Appellants' claim, Appellants must comply with the South Carolina Appellate Court Rules in order to perfect their appeal. A party intending to appeal must serve and file a notice of appeal as provided by the rules. Rule 203(a), SCACR. In appeals from administrative tribunals, the notice of appeal "shall be served on the agency . . . and all parties of record within thirty (30) days after receipt of the decision." Rule 203(b)(6), SCACR; *see also* Rule 203(d)(2)(B), SCACR ("The notice filed with the appellate court shall be accompanied by . . . [p]roof of service showing that the notice has been served on the agency . . . and all parties of record."). Failure to serve all parties of record with the notice of appeal is fatal to the appeal. *See Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 14–15, 602 S.E.2d 772, 775 (2004) ("The requirement of service of the notice of appeal is jurisdictional, *i.e.,* if a party misses the deadline, the appellate court lacks jurisdiction to consider the appeal and has no authority or discretion to 'rescue' the delinquent party by extending or ignoring the deadline for service of the notice.").

## III. CONCLUSION

For the foregoing reasons, the appeal is

**DISMISSED.**[2]

**GEATHERS, HEWITT, and CURTIS, JJ. concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.